CITY OF HARTFORD *vs.* THE HARTFORD THEOLOGICAL SEMINARY.

First Judicial District, Hartford, May Term, 1895.   ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Ordinarily real estate must be listed for taxation in the name of its record owner.

Certain real estate owned by the defendant, whose corporate name had been duly changed, was listed for taxation by the assessors to the defendant, under its former name, in which name the legal title stood upon the land records.   *Held* that such course was proper.

The defendant was chartered in 1834 for the specific purpose of establishing a manual labor theological institute in this State.   The institute was located at East Windsor and successfully maintained there until 1865, when the location was changed to the city of Hartford.   Since its removal to Hartford the manual labor features of its charter have not been observed.   A clause in its charter provided that "real estate not exceeding one hundred acres in land, shall be exempt from taxation as long as the same shall be used and the avails thereof expended solely for the purpose of education and instruction."   *Held* that this clause, when read in connection with the other charter provisions and

in light of the rules applicable to all alleged exemptions from taxation, must be construed as exempting the real estate only when, and so long as, the *corpus* of the land, and not merely its income, was used for the purposes specified.

Section 3820 of the General Statutes, which was enacted in 1879, provides that the real estate of every educational, benevolent, and ecclesiastical corporation and association, which is leased or used for other purposes than the specific purposes of such corporation, shall be liable to taxation; and repealed all Acts and parts of Acts inconsistent therewith. The land taxed was not used by the defendant for the specific purposes of its incorporation, but was leased to tenants. *Held* that this Act repealed the provisions of the defendant's charter in so far as it applied to the land in question.

A later statute exclusive in character, that is one which covers the whole subject to which it relates, repeals by implication all prior statutes on that matter, whether general or special.

An earlier statute, special only in that it applies to one of a large number of similar cases in the State, is repealed by a later statute which is general in its operation and applicable to all such cases.

[Argued May 8th—decided July 19th, 1895.]

ACTION to recover taxes assessed upon certain real estate of the defendant, brought to the Court of Common Pleas in Hartford County and reserved by that court, *Walsh, J.*, upon the facts found, for the consideration and advice of this court. *Judgment advised for plaintiff.*

This action was brought by the plaintiff, to recover the amount of a tax laid on the list of 1886, on a piece of land in Hartford owned by the defendant as a part of its investment, and by it rented to certain tenants. The rent received therefrom is expended by the defendant for its general purposes. The tax was assessed against the defendant by the name of The Theological Institute of Connecticut, and the record title of the defendant to the land, on the town records, stood in that name on the first day of October, 1886. In 1885 the corporate name of the defendant was changed by the legislature to its present name. The defendant demurred to the complaint, because it appeared that the tax was not set against the defendant by its present name. The trial court overruled the demurrer. There was a hearing, a finding of facts made, and the questions arising thereon were reserved for the advice of this court.

*William F. Henney* and *Timothy E. Steele*, for the plaintiff.

I. The assessment to " The Theological Institute of Connecticut " is a valid assessment, and the demurrer was properly overruled. That was the name by which the institution had been incorporated; the name by which it had been known for more than fifty years; the name by which it had acquired title to the very property assessed, and in which name it then stood upon the record; and the name by which it was commonly known in the city of Hartford at the time of the assessment. Welty on Assessments, §§ 60–62, and notes; *Wor. Agricultural Soc.* v. *Worcester*, 116 Mass., 192; *Farnsworth Co.* v. *Rand*, 65 Me., 22; *People* v. *Mining Co.*, 39 Cal., 512; *Litchfield* v. *Farmington*, 7 Conn., 108; *Van Voorhis* v. *Budd*, 39 Barb. (N. Y.), 480.

Again, the assessment was good against this defendant because made in the name of the owner of the property assessed, as disclosed by the land records of the town of Hartford. The assessors are not required to look beyond the land records. *Jones* v. *Bridgeport*, 36 Conn., 283; *Manresa Institute* v. *Norwalk*, 61 id., 229; General Statutes, § 3805.

II. The presumption is that all property is taxable, and a relinquishment of the right of taxation is never to be presumed or extended. *People ex rel. Westchester F. Ins. Co.* v. *Davenport*, 91 N. J., 586; *People ex rel. Raiload Co.* v. *Comrs. of Taxes*, 95 id., 557; *Tennessee* v. *Whitworth*, 117 U. S., 138, 148; *Bank* v. *Tennessee*, 104 id., 493, 494; *Redemptorist Fathers* v. *Boston*, 129 Mass., 178; *Bridgeport* v. *N. Y. & N. H. Railroad Co.*, 36 Conn., 255; *Lord* v. *Litchfield*, 36 id., 116; *First Ecc. Soc.* v. *Hartford*, 38 id., 286; *New Haven* v. *Sheffield Scientific School*, 59 id., 166.

The trustees located the institution in a farming community in the town of East Windsor (now South Windsor), and it was clearly farm lands in that place that the General Assembly designed to exempt from taxation, so long as such lands were used for education and instruction in agricultural and horticultural labors, and not dwelling-houses in the city of Hartford, purchased and held as investments for producing income.

City of Hartford v. Hartford Theological Seminary.

The word "avails," used in the charter in connection with "the one hundred acres of land," manifestly refers only to the products or crops grown upon the land. *Mt. Hermon Boys' School* v. *Gill,* 145 Mass., 139.

Only property used for the specific purposes of the corporation is within the protection of the charter. Real estate rented for income is not within the charter provision. *Trustees Good Shepard* v. *Boston,* 120 Mass., 212; *Redemptorist Fathers* v. *Boston,* 129 id., 178; *Salem Lyceum* v. *Salem,* 154 id., 15; *Bank* v. *Tennessee,* 104 U. S., 493; *Worcester* v. *Railroad Co.,* 4 Met., 564; *State* v. *Newark,* 25 N. J., 315; *State Soc. for Promotion of Learning* v. *New Brunswick,* 55 N. J. L., 565.

III. Whatever the proper construction of the defendant's charter as to the exemption clause, so far as property leased for revenue is concerned, the charter provision was repealed by the Act of 1879, Chap. 24, p. 374, incorporated in General Statutes, § 3820.

The intent of the General Assembly to tax the property leased for revenue by the defendant, notwithstanding any charter provisions, is clear. The Act reaches "every educational corporation." It repeals expressly all inconsistent Acts. The language used forbids the idea of any exemption to the operation of the law. It is sufficiently explicit. The Act as certainly applies to the defendant corporation as if it had been named. A Special Act is repealed by a general law, when such is the clear intent of the legislature. *City of Roxbury* v. *Providence R. R.,* 6 Cush., 431; *Bangor R. R. Co.* v. *Smith,* 47 Me., 34; *State* v. *Com'rs,* 37 N. J. L., 228; *State* v. *Com'rs,* 38 id., 472; *State* v. *Jersey City,* 54 id., 49; *State* v. *Williamson,* 44 id., 165; *People* v. *Jaehne,* 103 N. Y., 182; *Improvement Co.* v. *Commonwealth,* 69 Pa. St., 140; *Cumme Township* v. *Prov. Directors,* 112 id., 268; *Christ Church Hospital* v. *County of Phila.,* 24 How., 300; Endlich, Interpretation of Statutes, § 230 and notes; 23 Amer. & Eng. Ency. of Law, 426, and cases cited in notes; *Southport* v. *Ogden,* 23 Conn., 128; *Coe* v. *Meriden,* 45 id., 155; *Beach* v. *Meriden,* 46 id., 502.

*Henry C. Robinson* and *Henry S. Robinson*, for the defendant.

I. The property listed was exempt from taxation. Holding property as an investment and expending the avails for the purposes of the corporation is contemplated by the defendant's charter. In no other way could the corporation avail itself of the exemption, as the seminary buildings proper would never cover over an acre or two of land.

That the word "used," when applied in an act of incorporation to an exemption of real or personal property, may refer either to the *corpus* of the property or to the income only, was clearly laid down in the *Town of New Haven* v. *Sheffield S. S.*, 59 Conn., 163.

In the present case, the words " and the avails thereof expended " make it certain that property of which the income, as well as that of which the principal, is used solely for the purpose of education and instruction, is meant to be included in the exemption. If not, these words have no force. See also *First Ecc. Soc. of Hartford* v. *Hartford*, 38 Conn., 285, 289; *North St. Louis Gym. Soc.* v. *Hudson*, 85 Mo., 32; Gen. Stat., § 3823.

The General Statute, § 3820, regarding exemptions from taxation, does not repeal any of the provisions of the defendant's charter.

Particular statutes are not repealed or altered by subsequent general statutes, unless so expressed in definite terms, but are to be regarded as excepted from their operation. The intention of the legislature to repeal or alter the particular law must be made clearly manifest. It is immaterial which statute is first enacted. *N. Y., N. H. & H. R. R. Co.* v. *The Bridgeport Traction Company*, 65 Conn., 410. See also Sutherland on Statutory Construction, § 158; Sedgwick on Construction of Stat. and Const. Law (2d Ed.), p. 98; *State* v. *Stoll*, 17 Wall., 436; *Townsend* v. *Little*, 109 U. S., 512; *Coe* v. *Meriden*, 45 Conn., 156; *Com'rs* v. *Board of Public Works*, 39 Ohio St., 632; *Matter of Com'rs of Central Park*, 50 N. Y., 493, 497; *Buffalo Cemetery Assoc.* v. *Buffalo*, 118 id., 61. The fact that a subsequent general act contains a

clause repealing all acts inconsistent with it, does not diminish the force of this rule. *People* v. *Quigg*, 59 N. Y., 83; *Whipple* v. *Christain*, 80 id., 526; *Home for Inebriates* v. *Reis*, 95 Cal., 142; Endlich on the Interpretation of Statutes, § 223; *Tacoma Land Co.* v. *Pierce County*, 1 Wash., 482; *Loomis* v. *Bourn*, 63 Conn., 451. The exemptions of the statute are still in full force, and The Theological Seminary was under no obligation to make return of the property.

II. If the property was not so exempt, the assessment of the tax was an invalid assessment against the defendant, and the court erred in overruling the defendant's demurrer to the amended complaint. A tax assessed in a wrong name is invalid, and creates no lien against the real owner. Laws for the assessment and collection of taxes must be strictly followed. Taxes are assessed against persons, not against their property. Gen. Stat., § 3802 *et seq.*

An assessment, otherwise valid, will be rendered void by any slight mistake in the name of the person assessed. *Sawyer* v. *Mackie*, 149 Mass., 269; *Smith* v. *Davis*, 30 Cal., 536; *Crawford* v. *Schmidt*, 47 id., 618; *Marx* v. *Hanthorn*, 148 U. S., 184; *Meyer* v. *Trubee*, 59 Conn., 422; *Smith* v. *Reed*, 51 id., 10; *Slate* v. *Sloss*, 87 Ala., 119; 1 Desty on Taxation, p. 554. There was no such person as the Theological Institute of Connecticut at the time of the assessment. The legislature, which had given it that name, had changed it, and the tax assessors were bound to notice the change.

The fact that the title to this particular piece of property still stood in the land records in the old name, was not enough to justify the assessment of taxes in that name. If so, such an assessment made now would be as effective as one made then.

ANDREWS, C. J. The demurrer was correctly overruled. Ordinarily assessors must assess real estate to that person in whose name the title stands on the land records of the town. *Hellman* v. *Burritt*, 62 Conn., 438; *Myer* v. *Trubee*, 59 id., 422. It is certain they may do so when there has been no transfer in the ownership in the land, and only the name of

the owner has been changed. *The Manresa Institute* v. *Norwalk*, 61 Conn., 228; *Jones* v. *Bridgeport*, 36 id., 283.

The defendant claims that the land here taxed is exempt from taxation, by reason of the sixth section of its charter which provides as follows: "All personal estate, real estate not exceeding one hundred acres in land belonging to the corporation, shall be exempt from taxation, so long as the same shall be used and the avails thereof expended solely for the purposes of education and instruction."

The defendant was created a corporation by Special Act of the legislature in 1834, by the name of the Theological Institute of Connecticut. The purposes for which the corporation was chartered appear in the preamble to the Special Act. It is there stated that certain persons, clergymen and others, had associated themselves together by the name of the Pastoral Union of Connecticut, and did thereupon resolve that it was expedient to establish a manual labor theological institute in this State. They also resolved that the seminary so to be established, be called the Theological Institute of Connecticut, and that "its primary object shall be the education of pious young men for the ministry of the gospel, in connection with which there may be a department for teaching the sciences preparatory to, or connected with, a collegiate course of study." They appointed certain trustees and directed them to apply to the legislature for corporate powers; and the preamble says the said trustees did so apply, and the charter was granted. The first section created the corporation and by the name requested. The second provided that the general management be in a board of trustees; and the third, among other things, that said board of trustees "have power to regulate the studies and manual labor of the pupils; to constitute a faculty; to provide for the erection of mechanic's shops, and furnish them for the use of the pupils; also to provide suitable facilities for agricultural and horticultural labor." Then follow other sections, and the sixth one above recited.

It is a well known fact that at or about the time this charter was enacted there were, established in this State and in the

other New England States, a considerable number of manual labor schools or seminaries, mostly for males but some for females, where young persons could obtain an education, and meet the expense, wholly or in part, by the labor of their own hands on a farm or in some mechanical art. Under the provisions of the charter the trustees located the institute at East Windsor, on a tract of land purchased by them of about acres, where the seminary was successfully carried on according to the plan of the charter. In 1865 the trustees removed the location to Hartford and purchased land there, in 1883 the premises named in the complaint, and at other times other pieces of land; but at no time has it owned one hundred acres of land. Since it was established in Hartford the manual labor feature of the charter has not been observed.

It is claimed by counsel for the plaintiff, that the land of the defendant on which the tax was laid is not exempt from taxation by reason of anything contained in the sixth section of the defendant's charter, because it is not used and the avails thereof expended solely for the purposes of education and instruction, within the meaning of that section.

If the word "used," in the sixth section of the defendant's charter, when applied to the "real estate not exceeding one hundred acres in land belonging to the corporation," means that the *corpus* of the real estate must be used, as well as the avails expended, solely for the purpose of education, in order that it may be exempt from taxation, then the claim of the plaintiff is correct and should be sustained. The legislature has in various cases applied the words "use," "used," and words of similar meaning, to the *corpus* of real estate. Section 3820 of the General Statutes is an instance of this kind. Various other instances might be mentioned. In other cases these words clearly mean the income of the estate; as in §§ 3822 and 3823. *New Haven* v. *Sheffield Scientific School,* 59 Conn., 163, 166.

Taxation is an act of sovereignty to be enforced, so far as it conveniently can be, with justice and equality to all. Exemptions, no matter how meritorious, are of grace, and must be strictly construed. They embrace only what is strictly

within their terms. *Seymour* v. *Hartford,* 21 Conn., 481; *Bridgeport* v. *N. Y. & N. H. R. R.,* 36 id., 255; *Crawford* v. *Burrell,* 53 Pa. St., 219; Cooley on Taxation, 146.

The language of the exemption under which the defendant claims, is expressed in the number of acres of land, not in any fixed value of the land. The specific purpose of the corporation in whose favor the exemption was made, as set forth in the preamble of its charter, was " to establish a manual labor theological institute in this State; " and to that end the board of trustees was empowered " to regulate the studies and the manual labor of the pupils," and it was made the duty of the trustees " to provide mechanics' shops, and furnish them for the use of the pupils; " and also " to provide suitable facilities for agricultural and horticultural labors."

Reading the sixth section of the charter in connection with these other provisions in it, and construing them in the light of the rules which should be applied to all exemptions from taxation, we are constrained to believe that the legislature intended to have the word " used " in that section, apply to the land itself; and that the land belonging to the corporation was intended to be exempt from taxation, only so long as it was used for " a manual labor theological institute in this State," and the avails thereof expended solely for the purposes of education and instruction.

In 1879 a public Act (Public Acts of 1879, Chap. 24, p. 374) was passed as follows:—

" Section 1. The real estate of every educational, benevolent and ecclesiastical corporation and association, whether held in the name of such corporation or association, or by any person or persons in trust for such corporation or association, and which is leased or used for other purposes than the specific purposes of such corporation, shall be set in the assessment list for taxation, in the same manner as if the same was held by an individual tax payer, and shall be liable to taxation to the same extent and in the same manner as the real estate of individual tax payers.

" Sect. 2. All acts and parts of acts inconsistent herewith are hereby repealed."

This Act is now in force, and is a part of § 3820 of the General Statutes.

We think the Act of 1879 governs this case, and that the land of the defendant is taxable. It is land not used by the defendant for the specific purposes of its incorporation, but is leased to tenants. The terms of the Act make the land so held taxable, and the language of the Act must control, unless it is made to appear that the legislature did not intend, by the words it had used, to affect the exemption from taxation which had once been given to the defendant. It is sometimes true, perhaps generally true, that a general act, the terms of which are inconsistent with the terms of a prior special act, is held not to repeal the special act, unless the special act is mentioned. The rule is *generalia specialibus non derogant*. It is, however, always a question of intention. When in a general act, a prior special act inconsistent with it is not mentioned, it is thought that the attention of the legislature was not called to the special act, and therefore that the general act was not intended to repeal the special one. *Thorpe* v. *Adams*, L. R. 6 C. P., 125, 135. But whenever it is made to appear that the legislature intended to repeal a special act by any general legislation, then the special act falls, although not named. And such intention may be made to appear by the words of the general act, by the subject-matter with which the general act is concerned, by other legislation on the same matter, by the surrounding circumstances, by the purpose to be accomplished, or by anything else to which reference may properly be had for the purpose of discovering the legislative intent. *Griswold* v. *Sawyer*, 125 N. Y., 411. In ordinary cases the intention of the law-maker is best obtained by reading the words of the statute in their general and popular sense. *Hallenbeck* v. *Getz*, 63 Conn., 385.

It is a familiar rule that when a later statute is exclusive, that is, when it covers the whole subject to which it relates, it will be held to repeal by implication all prior statutes on that matter, whether they are general or special. The *United States* v. *Claflin*, 97 U. S., 546 ; *Red Rock* v. *Henry*, 106 id.,

596; *Lyddy* v. *Long Island City*, 104 N. Y., 218; Sutherland on Statutes, 140. So too, if the language of the later statute is so repugnant to that of the earlier one that the two cannot possibly stand together, then the earlier one is repealed by the later; and it makes no difference that one is a general act and the other a special one. *Gage* v. *Currier*, 4 Pick., 399; *Covington* v. *City of East St. Louis*, 78 Ill., 548; *Chesapeake & Ohio Ry. Co.* v. *Hoard*, 16 W. Va., 270.

The Special Laws of this State show that there are various educational corporations, chartered from time to time, other than the defendant, to which exemption from taxation had been granted by special act. If it was not the intention of the legislature by the general Act of 1879 to repeal the exemption granted to the defendant, then it was not the intention to repeal the exemption granted to any one of the other like corporations, and the Act would have nothing on which it could operate. Where an earlier statute is special, only in the sense that it applies to a single case of which there may be many in the State, and the later one is general in its operation and applies to all such cases, then the earlier one is repealed by the later, because the whole includes the several parts. *Nusser* v. *Commonwealth*, 25 Pa. St., 126; *Coe* v. *Meriden*, 45 Conn., 155; *Southport* v. *Ogden*, 23 id., 128. Even if exemption had been granted to some educational corporations by general statutes, it would be unreasonable to impute to the legislature the intent to repeal these, and not to repeal those which had been granted by special acts, unless such intention was very clearly expressed. *Curtis* v. *Gill*, 34 Conn., 49; *Parrott* v. *Stevens*, 37 id., 93; *Werner* v. *Phelps*, 36 id., 357. Each of these rules is applicable to the Act of 1879. Taken together they are conclusive that the legislature, by that Act, intended to repeal the sixth section of the defendant's charter so far as it applies to the land on which his tax was laid.

The Superior Court is advised to render judgment for the plaintiff.

In this opinion the other judges concurred.