FRANCIS N. BRAMAN *vs.* THE CITY OF NEW LONDON.

Second Judicial District, Norwich, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Chapter 248 of the Public Acts of 1893 required the appointment of a single, responsible, health officer, learned in medical and sanitary science, in each town in the State; but cities and boroughs were exempted from the provisions of the Act. In 1895 an Act was passed (Chap. 145), providing for such appointment by cities and boroughs in which no health officer was then appointed by law. *Held:—*

1. That the purpose of the Act of 1895 was, manifestly, to extend to all communities of the State the general policy of the Act of 1893, and require in all the existence of a single, learned, and qualified health officer, who should exercise undivided authority; that the Act was aimed solely at incorporated municipalities, and therefore repealed by necessary implication all inconsistent charter provisions.

2. That a city could not be said to have a legally appointed health officer, where the powers and duties of such officer were vested in the common council and were discharged by a committee of such body aided by a regularly detailed policeman.

The Act of 1895 further provides that in cities the health officer shall be chosen upon nomination of the mayor. *Held* that an appointment by the common council, without nomination by the mayor, was invalid; and that under such circumstances the county health officer might properly fill the vacancy.

Submitted on briefs April 29th—decided May 16th, 1902.

ACTION to recover for services rendered and expenses incurred by the plaintiff as health officer of the city of New London, brought to the Court of Common Pleas in New Lon-

don county, and reserved by that court, *Noyes, J.*, upon a finding of facts, for the consideration and advice of this court. *Judgment advised for plaintiff.*

The facts are sufficiently stated in the opinion.

*Charles F. Thayer*, for the plaintiff.

*Frank B. Brandegee*, for the defendant.

PRENTICE, J. The plaintiff claims that on November 20th, 1900, he was duly appointed health officer for the defendant city by Edwin W. Higgins, the county health officer for New London County; that he thereupon accepted said office and duly qualified, and that thereafter until the commencement of this action he continued to be the lawful health officer of said city and to exercise the functions of said office. He sues to recover for his services and expenses as such health officer, as provided by law. The defendant contests the legality of the plaintiff's appointment. At the time thereof another was, as he still is, claiming to be the lawful health officer of the city, and to exercise the duties of said office, by virtue of an appointment under a city ordinance. The salary fixed by said ordinance has been regularly paid to this latter claimant. No other choice of a health officer is claimed.

The decision of the case, upon the facts contained in the reservation, confessedly rests upon the validity of the plaintiff's claim to the office in question. This claim is also confessedly a good one if at the time of the plaintiff's appointment there existed a situation of affairs in the defendant city which justified the appointment of a health officer for the city by the county official, under the provisions of Chap. 145 of the Public Acts of 1895, and not otherwise.

This Act provides for the appointment of a health officer by any incorporated city or borough "in which no health officer is now appointed by law." At the time of this enactment the defendant city had no officer answering this description. By its charter its court of common council had all the powers and was charged with all the duties by law prescribed

for health officers.   For the due performance of its duties as
a board of health it was empowered to act through its health
committee, or a committee appointed by it, or by a health
officer of its appointment.   It was also authorized to make
ordinances providing for the appointment of health officers
and prescribing their compensation and duties.

Pursuant to these charter powers the city then had a health
committee of said court of common council.   For its assist-
ance a police officer was regularly detailed.   There was no
other health officer, committee, or commission.

The Act of 1895 was plainly supplemental to that of 1893,
Chap. 248.   The latter Act had for one of its palpable objects
the creation of a single responsible officer in each town who
should be charged with the important duties imposed upon
health officers.   It was further required that he be a person
"learned in medical and sanitary science."   Towns contain-
ing incorporated cities or boroughs whose limits were coter-
minous with the limits of the town were, however, exempted
from the operation of this statute, and it was provided that
cities and boroughs empowered to appoint health committees,
officers, or boards, lying within towns, should be exempted
from the jurisdiction of the town health officers.   In other
words, incorporated cities and boroughs were practically ex-.
cepted from the provisions of the Act.   That of 1895 removed
these exceptions.   Its purpose plainly was to extend to all
the communities of the State the general policy of the Act of
1893, and require in all the existence of a single health offi-
cer who should exercise undivided power and should be a
person "learned in medical and sanitary science."   Possibly,
as the defendant suggests, the name by which the officer was
known was of small consequence; but the substance of the
things sought for, to wit, singleness of character and responsi-
bility and fitness in attainments, were plainly regarded as of
vital consequence.

It is evident, therefore, that the Act of 1895 found the
defendant a city without a health officer, within both its letter
and spirit.   A mere policeman, however worthy, did not fill
out the measure of the legislative requirement; no more did

a common councilman as such; still less did a body of them or of any other class of men.

It is suggested, however, that notwithstanding this fact the Act, in the absence of an express repeal, did not operate to restrict the rights which the city enjoyed under its charter in matters appertaining to the public health. This contention is not well founded. The intention of the General Assembly to bring all the communities of the State under a uniform system is most manifest. The provisions of the Act are most emphatically exclusive. They are essentially repugnant to those of the prior charter. They do not undertake to affect any municipality save incorporated ones; that is, those to whom special powers had been given. The situation is the strongest conceivable one upon which to base a repeal by necessary implication. To such a situation the rule *generalia specialibus non derognat* does not apply. *Hartford v. Hartford Theological Seminary,* 66 Conn. 475; *United States* v. *Claflin,* 97 U. S. 546.

The defendant having been within the operation of the Act of 1895, we have next to inquire what it has done to comply therewith. September 11th, 1900, it adopted an ordinance providing for the choice by the common council of a medical practitioner to be health officer. Under this ordinance Dr. O'Neill, the claimant to the office adverse to the plaintiff, was, on November 5th, chosen by the court of common council. Under this appointment he claims and holds.

The method of appointment thus established and followed did not conform to the express provisions of the Act, which are that the health officers provided for shall in cities be chosen upon the nomination of the mayor. Dr. O'Neill was not so chosen. Clearly, then, he was not legally chosen, and there was not, on November 20th following, any rightful incumbent of the office created by statute. Under such circumstances the county health officer's power of appointment was ample, and having been regularly pursued, as is unquestioned, the plaintiff, as the appointee, became the lawful health officer of the defendant. His right to recover upon his bill of particulars is in such case conceded.

The Court of Common Pleas is advised to render judgment in favor of the plaintiff for the amount of his bill of particulars, with interest.

In this opinion the other judges concurred.