JOHN A. STOUGHTON *vs.* THE CITY OF HARTFORD ET AL.

First Judicial District, Hartford, May Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, JS.

Facts found by the trial court may not be stricken out on appeal unless they were found without evidence; and when the record shows that any judge, weighing the testimony and passing upon the credibility of the witnesses, might reasonably reach the conclusion complained of, the finding is conclusive.

A private law exempting property from taxation should be strictly construed; but this means that the property must come clearly within the provisions granting such exemption, and not that the language used in the charter should not be liberally construed to carry out the expressed intent of the legislature.

The charter of a charitable institution provided that "all real estate occupied and used exclusively for the purposes of said corporation shall be exempt from taxation." After acquiring land and erecting buildings, the institution purchased a second piece of land adjoining the first, and located gardens and recreations grounds upon it; this piece was treated as a separate and distinct parcel, but was used for no other purpose than for the work or recreation of the inmates. *Held* that the second piece of land was occupied exclusively for the purposes of the corporation, and was exempt from taxation.

Argued May 17th—decided July 26th, 1912.

APPLICATION in the nature of an appeal from the action of the board of relief of the town and city of Hartford in striking from the tax list of the defendant, the House of the Good Shepherd, certain property owned

by it which the assessors of said town and city had set in the October, 1909, list at a valuation of $15,000, brought to and tried by the Superior Court in Hartford County, *Reed, J.;* facts found and judgment rendered confirming the action of the board of relief, and appeal by the plaintiff. *No error.*

*William Waldo Hyde,* for the appellant (plaintiff).

*William BroSmith,* for the appellee (the defendant the House of the Good Shepherd).

RORABACK, J. The defendant, the House of the Good Shepherd, is a corporation organized under a charter granted by the legislature of this State in 1905, for the charitable purpose of providing and maintaining in the city of Hartford a home to afford protection and retreat for females who have had the misfortune to fall into crime and who may wish to reform their lives, and also for those whose evil surroundings expose them to the danger of falling into crime.

For two or three years after the institution was established, the home accommodated about thirty inmates and about twelve or fifteen Sisters. Since that time, the number of Sisters has increased to twenty-three and the number of inmates to one hundred and thirty-three. Of this latter number, seventy-seven were committed by the courts of this State, and the others either entered voluntarily, or were placed there by parents or guardians.

Under this charter, all real estate occupied and used exclusively for the purposes of said corporation is exempt from taxation. The corporation owns two pieces of land, one of which was acquired in 1902, and which is hereafter designated as the "first piece," and is not affected by this appeal. The other, hereafter

designated as the "second piece," is situated imme-
diately north of the first piece, and is the one to which
this appeal relates. All the buildings of the institution
are located upon the first piece of land. These build-
ings consist of an old residence, formerly known as the
"Sisson Residence," which is occupied by the Sisters
and some of the penitents; a large building, about 50 x
120 feet, occupied by the inmates of the institution,
a washhouse or laundry, a barn, a residence for the
caretaker, and a residence for his assistant. Upon the
first piece of land are also located recreation grounds,
which had been established there for a long time, and
had been used by the defendant institution and the
persons occupying the buildings on the land owned by
it long prior to its purchase of the land affected by this
appeal.

Upon the front of the second piece, there are located
vegetable and flower gardens, recreation grounds, and
fruit trees, planted thereon since the title to the parcel
was acquired. There are no buildings upon the second
piece of land; nor have there been any buildings thereon
since its purchase. It has always been treated by the
defendant institution as a separate and distinct parcel,
and no improvements have been made upon it that in
any way change its character as a separate and distinct
parcel of land from the land on which the home and
other buildings of the defendant institution are located.

All of this real property, including the land and the
buildings on the remaining portion of the property,
are occupied by the House of the Good Shepherd for
the purposes for which it was formed. The several
classes of inmates of the House of the Good Shepherd
are trained, among other things, to different indoor and
outdoor occupations to make them industrious and keep
them busy. To the different classes are assigned
certain portions of land to cultivate as gardens, and

this land is also used for recreation; each class of inmates having its garden and place of recreation separate from the others. No rental or other income is derived by the defendant, the House of the Good Shepherd, from any of the real estate hereinbefore described. The real estate in question was and is occupied exclusively for the purposes of the corporation.

The plaintiff incorporated into his request for a finding certain facts which he claimed had been proved; filed exceptions to the finding of the court, and the refusal of the court to find facts contained in the request, and caused all of the evidence to be certified and made a part of the record of the case in this court.

The appeal assigns error in the judgment rendered, upon the facts found, in omitting to include in the finding certain material facts, and in concluding, as a matter of law, from the facts established by the evidence, that the real estate in question was and is occupied and used exclusively for the purposes of the corporation. The trial court has found that all this property is occupied by the House of the Good Shepherd for the purposes for which it was formed; that to the different classes of inmates are assigned portions of this land to cultivate as gardens; that the land is used for recreation by the inmates; that there is a distinct place of recreation for the Sisters; and that the inmates have no place for recreation, other than the premises described.

The plaintiff insists that none of these conclusions are justified by the evidence, and we are asked to strike them out. This we cannot do, unless it appears that the facts stated were found without evidence. It is apparent from the record that any judge hearing this evidence now before us, weighing the testimony, and passing upon the credibility of the witnesses might reasonably reach the conclusions complained of. The same considerations apply with equal force to the

exceptions filed to the refusal of the court to find as requested; therefore the finding is conclusive.

The purposes of the House of the Good Shepherd, as stated in § 2 of its charter (14 Special Laws, p. 725), are as follows: "Said corporation is formed for the charitable purpose of providing and maintaining, in the city of Hartford, a home to afford protection and a retreat for females who have had the misfortune to fall into crime and who may wish to reform their lives, and also for those whose evil surroundings expose them to the danger of falling into crime." Another provision of its charter (§ 3) provides that "all real estate occupied and used exclusively for the purposes of said corporation shall be exempt from taxation."

The private law exempting this defendant's property in the present case, being an exception to the general rule of taxation, is to be strictly construed. *Hartford* v. *Hartford Theological Seminary*, 66 Conn. 475, 482, 483, 34 Atl. 483. But this does not mean that there should not be a liberal construction of the language used in the exemption clause of its charter, in order to carry out the expressed intention of the legislature, but rather that the property claimed to be exempt must come clearly within the provisions granting such exemption. *Yale University* v. *New Haven*, 71 Conn. 316, 329, 330, 42 Atl. 87. It is apparent from the record that there can be no question as to this organization being one that serves a beneficial purpose, and that it is entitled to the privilege granted, in so far as its property is used exclusively for such purposes.

The question here presented is, not whether it is entitled to any exemption, but whether the property claimed to be exempt is used exclusively for the purposes of the organization. The land in question is not leased or otherwise used with a view to pecuniary profit. It is not used for any purpose other than

gardens, and as a place of recreation for the inmates of this institution. It is used exclusively for these purposes. Such a use is not unreasonable; and it must be conducive to the health and general welfare of the persons occupying the buildings belonging to the association. Under these circumstances, it would be a forced construction of the language of the Act to hold that this real estate is not used and occupied exclusively for the purposes of the House of the Good Shepherd, within the meaning of the language used in its charter.

There is no error.

In this opinion the other judges concurred.