THE CITY OF HARTFORD *vs.* NICHOLAS PALLOTTI.

First Judicial District, Hartford, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under our law (General Statutes, §§ 2296, 2299, 2396) a person who is the record owner of real estate upon the first day of October is liable for the taxes assessed against such property, at least as between himself and the taxing authority; and the fact that proceedings for the condemnation of such property were commenced before October first is no defense in an action to recover the amount of the tax.
A special defense which merely presents in substance the same issue that has already been raised under a general denial may properly be stricken out upon motion.
In the present case the plaintiff city alleged that a portion of the amount assessed upon the defendant's property was still due and unpaid, and this averment the defendant denied. *Held* that the determina-

tion of this issue involved passing upon the question of what payments, if any, had been made by the defendant, and therefore he was not injured by striking out his special defense, which contained an allegation of payment.

Submitted on briefs January 13th—decided March 5th, 1914.

ACTION to recover the amount of a tax, brought to the City Court of Hartford where a demurrer to the original answer was sustained and a second or special defense of the amended answer stricken out, after which the cause was tried on the issues raised by the first defense and judgment rendered for the plaintiff for $439 (*Bullard, J.*), from which the defendant appealed. *No error.*

The complaint, which was composed of only two paragraphs, sets forth in the first that on the first day of October, 1907, the defendant owned certain real property in the city of Hartford, which was assessed, and on which a tax amounting to $540 was lawfully laid; and in the second, that the balance due thereon was $339.30.

The answer averred that, before this tax was laid, the Connecticut River Bridge and Highway District took steps to have this land condemned, and that while the nominal title thereto stood in the defendant, he did not enjoy any use whatever of the property, but was prevented from using it. On demurrer this answer was held insufficient on two grounds: one was that it appears that the record title to this real estate was in the defendant on October 1st, 1907; the second that "it is conclusively presumed that in fixing the price of said real property, in condemnation proceedings, the Superior Court for the County of Hartford allowed to the defendant a sum sufficient to cover all taxes against said property, on the date of said court's judgment."

The defendant then filed an answer admitting para-

graph one and denying paragraph two of the complaint. A special defense was also set up and made part of this answer. This special defense, with one exception, contained substantially the same allegations that were set forth in the original answer, found insufficient on demurrer. That exception was that the "taxes due on said property from October 1st, 1907, to February 28th, 1908, have been paid by the defendant to the plaintiff." This statement of fact nowhere appeared in the first answer. The plaintiff moved to strike out the entire special defense upon the grounds that no new fact was set forth in the defense that was not set up in the original answer, and that this special defense was frivolous. This motion was granted.

Subsequently the parties went to trial on the other issues raised by the answer, and the court rendered judgment for the plaintiff to recover $439.21. No finding of facts was made.

The appeal assigns error in sustaining the demurrer to the answer, and in granting the motion to strike out.

*Francis A. Pallotti* and *John W. Coogan*, for the appellant (defendant).

*Edward L. Steele* and *Henry J. Marks*, for the appellee (plaintiff).

RORABACK, J. The first objection urged is that the trial court erred in holding that this real estate was properly assessed against the defendant, when it appeared that condemnation proceedings had been commenced to take this property before October 1st, 1907.

It appears that on October 1st, 1907, this real estate stood in the name of the defendant on the land records of the town in which it was situated. General Statutes, § 2299, provides that "any interest in real estate listed

for taxation shall be set by the assessors in the list of the party in whose name the title to such interest stands on the land records of the town in which such real estate is situated." Assessors of towns are required by § 2296 of the General Statutes to publish a notice "requiring all persons therein, liable to pay taxes, to bring in written or printed lists of the taxable property belonging to them on the first day of October in that year." "The interest of any person in any item of real estate, which is legally set in his tax list, shall be subject to a lien for that part of his taxes which is laid upon the valuation of said interest, as found in said list when finally completed. Said lien shall exist from the first day of October in the year previous to that in which said taxes become due until one year after said taxes become due, and, during such existence, shall take precedence of all transfers and incumbrances, in any wise affecting said interest in said item, or any part of it, which become matters of record after said first day of October." General Statutes, § 2396.

As between the city and the defendant taxpayer, the latter was liable for taxes on such taxable property of which he was the record owner on the first day of October, 1907.

The answer, questioned by demurrer, simply alleges that the Connecticut River Bridge and Highway District had taken steps to have this land condemned when this assessment was made. At what time these proceedings were instituted, and what steps had been taken in the matter of condemnation on October 1st, 1907, does not appear. There is nothing in the claim that this assessment should be set aside because of the condemnation proceedings. The record title to the real estate was in the defendant on October 1st, 1907, when this assessment was made. It is not claimed that the assessors at this time had any notice, actual or con-

structive, that condemnation proceedings had been commenced. The assessors clearly had the right to take their information as to the ownership of this property from the land records of the town where this real estate was situated at the date of its assessment. *Jones* v. *Bridgeport*, 36 Conn. 283, 286; *Manresa Institute* v. *Norwalk*, 61 Conn. 228, 232, 23 Atl. 1088; *Hartford* v. *Hartford Theological Seminary*, 66 Conn. 475, 480, 34 Atl. 483. The demurrer was properly sustained upon the ground that it appeared that the record title to the real estate was in the defendant on October 1st, 1907.

It is unnecessary to discuss the second ground of the demurrer, in view of our decision in disposing of the first.

The special defense was properly stricken out. Its contents were a repetition of the allegations of the defense, already held insufficient on the demurrers, with the additional averment that the taxes due on said property from October 1st, 1907, to February 28th, 1908, had been paid. This last averment was unnecessary. In fact it added nothing to the previous answer held insufficient. The plaintiff sued for the recovery of a balance of a tax alleged to be due and unpaid. The defendant met this claim with a general denial. This issue involved an inquiry as to the different payments made and the amount thereof. This was necessary to determine what in fact was the balance of the defendant's indebtedness. The payments themselves were involved in the cause of action as presented to and determined by the court. Bliss on Code Pleading (2d Ed.) § 358; Pomeroy's Code Remedies (4th Ed.) p. 803, § 700. That the parties so understood, and that the plaintiff did not have judgment for a larger sum than was found due, is apparent. The complaint alleged that the tax amounted to $540 and that the unpaid balance was $339.30. Judgment was rendered for $439.21.

The expunged defense alleged payment covering five months, or five twelfths of the year. Five twelfths of the entire tax would be $225, which would leave a balance of $315, disregarding interest. The complaint was dated July 26th, 1909, and the judgment rendered September 26th, 1913. By statute overdue taxes carry nine per cent interest. General Statutes, § 2391. It is thus apparent that the court did not render judgment disregarding payments, but that it undertook to ascertain the balance due, and that it rendered judgment only for the balance ascertained to be due.

There is no error.

In this opinion the other judges concurred.