MILTON KLEIN, ET ALS.
(Trustees under will of Jacob B. and Ray R. Klein)
vs.
CITY OF BRIDGEPORT

Superior Court          Fairfield County          File #55421

MEMORANDUM FILED JULY 25, 1938.          125 Conn. 129

Shannon & Wilder, of Bridgeport, for the Plaintiffs.

David Goldstein, of Bridgeport, for the Defendant.

ELLS, J.   This is an appeal from the Bridgeport Board of Relief, and the issue is whether certain real estate purchased for ultimate charitable use, but not yet devoted to that use, is exempt from taxation.

The exemption is claimed under section 1163 of the General Statutes, Revision of 1930, which exempts "as long as used by the public for public purposes, property held by trustees named in a will or deed of trust. . . ." It is contended that from the moment these trustees purchased this property with the bona fide intention of later using it for the Klein Memorial it became exempt from taxation.   But the statute says "as long as used . . . for public purposes" and it is conceded there was, on the taxing date in question, no actual use for such purposes. Much violence must be done to the wording of the statute if the trustees' contention is to prevail.   The argument is, in effect, that under the unusual circumstances of this particularly worthy case, it ought to be the law.   But the exemption statute is to be strictly construed, and in this case even a most liberal construction does not attain the desired result.   If the statute said "used for public purposes" there might be more force to the contention—but it actually says, and means, "used by the public for public purposes."   Those three words "by the public" mean something and are decisive.   Sympathy with the aims and purposes of this splendid project do not permit this Court to write into the statute something which is not there. As Chief Justice Andrews said in *City of Hartford vs. Hartford Theological Seminary*, 66 Conn. 475, 482: "Exemptions, no matter how meritorious, are of grace, and must be strictly construed.   They embrace only what is strictly within their terms."

An examination of our Connecticut cases reveals no case in point, but there are significant observations supporting my conclusion.   Cases in other states cited by the plaintiff are governed by the statutes of those states.

Judgment is for the defendant.