MILTON KLEIN ET ALS. *v.* CITY OF BRIDGEPORT.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 7, 1938—decided January 5, 1939.

*James C. Shannon,* for the appellants (plaintiffs).

*David Goldstein,* for the appellee (defendant).

AVERY, J. The plaintiffs are trustees under the wills of Jacob B. Klein and Ray R. Klein. Under the terms of these wills they were authorized to establish the "Klein Memorial," and for that purpose to acquire

property in a certain section of Bridgeport and to erect thereon an auditorium for the city of Bridgeport to be used for lectures, musical and other entertainments for the benefit of the public; and they were authorized to devote a large sum for the acquisition of the property, the construction of the auditorium, and as a fund for its maintenance. After the city had accepted the gift, the trustees purchased for these purposes three adjoining parcels of real estate upon Fairfield Avenue. In the month of October, 1937, the tax assessor of Bridgeport listed the property belonging to the applicants as taxable in the city and fixed a valuation upon the land and the buildings thereon. The applicants then filed a tax exemption statement with the tax assessor who rejected their claim for exemption; and thereafter they appealed to the board of relief where their claim for exemption was likewise denied and thence brought their appeal to the Superior Court. After hearing the parties the Superior Court entered judgment for the defendant. In the finding it appears that on October 1, 1937, the buildings on two of the pieces of real estate were vacant, the trustees having refused to rent them because they intended ultimately to use the property for the exclusive purpose of erecting thereon the "Klein Memorial." On that date, however, the trustees had not engaged an architect, nor cleared the property, nor made any plans to construct the auditorium. One of the pieces of real estate on that date was rented until February 18, 1938, subject to immediate termination of the tenancy upon notice. The money received was added to the trust fund. All the real estate was purchased with the bona fide intention of using it at some future time for a charitable purpose, but, on the date of taxation, the real estate had not yet been used by the public for public purposes. The trial court concluded that the appellants

were not entitled to exemption under General Statutes, § 1163 (5), appended in the footnote.[1]

Under the terms of these wills the memorial building which the trustees were empowered to construct was, when constructed, to belong to the city of Bridgeport and to be used by it for lectures, musical and other entertainments for the education and benefit of the public. Trusts of this character concern philanthropy and charity and affect the welfare of individuals and the community, and, as a consequence of their public nature, are treated by our law with the utmost liberality in order to carry out the charitable purposes of the donors. *First Congregational Soc.* v. *Bridgeport,* 99 Conn. 22, 30, 121 Atl. 77; *Coit* v. *Comstock,* 51 Conn. 352, 377; *Cheshire Bank & Trust Co.* v. *Doolittle,* 113 Conn. 231, 232, 155 Atl. 82; *Mitchell* v. *Reeves,* 123 Conn. 549, 553, 196 Atl. 785. This principle, however, does not authorize the court to grant a tax exemption as to property which the Legislature has not seen fit to exempt. It is a firmly established principle of our law that exempting statutes are strictly construed and exempt only what is strictly within their terms. *Hartford* v. *Hartford Theological Seminary,* 66 Conn. 475, 482, 34 Atl. 483; *Woodstock* v. *The Retreat, Inc.,* 125 Conn. 52, 3 Atl. (2d) 232. The statute exempts the property held by trustees in such a case as this, "as long as used by the public for public purposes." The property in this case had been acquired by the trustees with the intention of so using it, but it is undisputed in the finding that no part of the property upon the tax date had ever been actually used by the

[1] General Statutes, §1163 (5): The following-described property shall be exempt. . . . As long as used by the public for public purposes, property held by trustees named in a will or deed of trust and their successors for this state or its people, one of its counties or its people or one of its municipal corporations or its people.

public for public purposes. We are constrained to hold that the real estate in question, upon the tax date, was subject to taxation by the city of Bridgeport. *Manresa Institute* v. *Norwalk*, 61 Conn. 228, 232, 23 Atl. 1088; *Hartford* v. *Hartford Theological Seminary*, 66 Conn. 475, 483, 34 Atl. 483; *Woodstock* v. *The Retreat, Inc.*, 125 Conn. 52, 3 Atl. (2d) 232.

There is no error.

In this opinion the other judges concurred.