Keating, J.
Jacob Langeloth by his last will and testament, dated February 13, 1912 and admitted to probate on September 2,1914, devised and bequeathed the residue of his estate — some $3,000,000—to be held in trust “ to organize or cause to be organized under the laws of the State of New York a corporation * * * for the purpose of founding and maintaining a Home to be known as the ‘ Valeria Home, ’ to be adapted and used for the purposes of a Recreation and Convalescent Home for people of education and refinement who cannot afford independent homes or to pay the charges exacted at health resorts or sanitaria ”.
*391 Shortly after the will was probated the Legislature incorporated Valeria Home, Inc. as a membership corporation and, thereafter, the home acquired the site of its present location in the Town of Oortlandt, Westchester County. Valeria Home grew over the course of the years and now comprises some 19 buildings as well as numerous recreation facilities, including walking paths, tennis, bocci, volleyball and shuffleboard courts, bicycle and hiking trails, a lake with rowboats and canoes, a toboggan slide, swimming pool, archery range, nine-hole pitch and putt golf course, and indoor recreational and social facilities.
The home is operated, as its counsel conceded on oral argument, “principally and primarily as a recreation establishment” and “the convalescent aspect of it has been quite incidental”. The home provides recreation for some 6,000 educated and refined middle class persons a year.
This proceeding was commenced by the home for a declaration that its real property is exempt from taxation as a charitable and benevolent institution pursuant to section 420 of the Real Property Tax Law. The statute provides in pertinent part that “ Real property owned by a corporation ** * * organized exclusively for • * * * charitable [and] benevolent * * * purposes * * * shall be exempt from [real property] taxation”.[1]
The position of the respondents, who constitute the Town Board and the Board of Assessors of the Town of Cortlandt, is that the petitioner is operating the home in a manner which is contrary to the clearly expressed intention of its benefactor, that, although the operation of the home involves some financial loss, the corporation, through its investments, earns a consideraable profit, and that the loss sustained in operating the home is less than the taxes which would have to be paid, absent its charitable immunity from taxation.
*392 The Supreme Court (Special Term) agreed with the town officials. The Appellate Division (Second Department), with one Justice dissenting, affirmed the dismissal of the petition.
The petitioner, although conceding that Valeria Home is operated primarily as a resort hotel, contends that this is one of the purposes which the will of Jacob Langeloth intended and, in light of the declaration contained in the statute incorporating the home that the corporation “ shall carry out so far as practicable the charitable and benevolent purposes defined and described in the eighteenth paragraph of the * * * will * * * of Jacob Langeloth” (L. 1915, ch. 95, § 2 [emphasis added]), it is clearly entitled to an exemption under section 420 of the Beal Property Tax Law.
The issue presented by this appeal is whether the operation of Valeria Home conforms to the purposes set forth in the will of Jacob Langeloth and the incorporating statute. The petitioner’s counsel indicated on oral argument that “ if [we found] that this corporation was created, incorporated and chartered as a convalescent home, [he] would have to confess that the judgment below was correct ”.
The basis of the petitioner’s argument is that the testator described the purpose of Valeria Home as a recreation and convalescent home. This language, it is urged, indicates that operation of a “ recreation establishment ’ ’, no different from any resort hotel, comes within one of the intended purposes of the testator’s will. Such a conclusion would hardly be supportable even if we looked only to the sentence in which the above-quoted words appear. It becomes completely untenable if we read the entire paragraph.
Thus the testator declared in the eighteenth paragraph of the will, explaining the motivation for the bequest, that he had “ observed that homes of this character have been organized for the benefit of the very poor, who are not able to pay anything for their support during their convalescence or during the period of rest necessitated by ill health, while no provision seems to have been made for people of education and refinement belonging to the middle classes, who would not be justified in asking for or accepting charity, but who are, nevertheless, not able to pay the prices exacted for a sojourn in the usual health resorts or sanitaria ”. (Emphasis supplied.)
*393 The paragraph goes on to provide for the employment of a competent physician or physicians as well as an adequate number of competent nurses.
This language clearly indicates that the testator intended that the home provide a place where people recovering and convalescing from periods of ill health would be welcomed. The operation of the home indicates that, if anything, the slightest indication of ill health is sufficient to disqualify a prospective applicant. Persons may not be admitted to Valeria Home unless they are ambulatory, do not require special diets, or special treatment of any kind and need no nursing or medical attention. There are few people who are recovering from any major illness which requires a period of convalescence who could meet this requirement.
We shall, however, not dwell on the manner in which the home is operated since it is conceded that the home is not a home for convalescents and those desiring periods of rest necessitated by ill health.
Also, in light of the petitioner’s concession that a decision sustaining the lower courts’ construction of the will would resolve the appeal, we need not reach the question of whether a deviation from the testamentary purpose must, under all the circumstances, disqualify an organization from a tax exemption, if it nevertheless functions as a charitable institution. In the instant case not only does the concession obviate the necessity for any discussion of the problem (see Matter of Leonescu v. Star Liq. Dealers, 20 N Y 2d 956, 958; Radosh v. Shipstad, 20 N Y 2d 504, 508-509; Cohen and Karger, Powers of the New York Court of Appeals [Rev. ed., 1952], p. 629), but the manner in which the home is run would not bring it within the generally understood definition of a charitable and benevolent institution (see, e.g., Manresa Inst. v. Town of Norfolk, 61 Conn. 228).
For the reasons stated the order appealed from should be affirmed, with costs.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel and Jasen concur; Judge Burke taking no part.
Order affirmed.

. This proceeding involves only a portion of the real property of the petitioner. An earlier proceeding had established that some 445 of the 807 acres were necessary to fulfill the corporate purposes. The petitioner argues that this earlier proceeding (in 1926) “ While [it] may not be res judicata * * * should have been regarded as stare decisis The determination made in the earlier proceeding is entitled to the same stare decisis effect in this court as any decision of a court of original jurisdiction unaccompanied by any substantial statement of reasoning.