State ex rel. Reiley v. Chatfield.

STATE EX REL. EDWARD B. REILEY *vs.* ALBERT I. CHAT-
FIELD.

Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The charter of the city of Waterbury which went into effect January 6th,
1896 (12 Special Laws, p. 434, *et seq.*), repeals the provision of the
old charter which prescribed the term of office of street inspector.
It also gives to the board of public works therein created power to
appoint and remove at discretion a superintendent of streets.

Where the power of appointment is conferred in general terms, without
restriction, the power of removal at the will of the appointing au-
thority is implied, unless restrained by some other provision of law.

In *quo warranto* proceedings the burden is upon the respondent to show
a complete title to the office in dispute; otherwise, judgment of
ouster must be rendered against him.

Argued June 16th—decided July 26th, 1898.

INFORMATION in the nature of *quo warranto* to determine
the validity of the respondent's appointment as superintend-
ent of streets in the city of Waterbury, brought to the Supe-
rior Court in New Haven County and reserved by that court,
*George W. Wheeler, J.,* upon an agreed statement of facts,
for the consideration and advice of this court. *Judgment
dismissing application advised.*

The information was as follows :—

" To the Honorable Superior Court now in session, holding
a special session at New Haven, in and for New Haven
County, for the purpose of transacting civil business, com-
mencing on the second Tuesday of January, 1898 : Comes
William H. Williams, Esq., State's Attorney, within and for
the County of New Haven, who in this behalf prosecutes in
his own proper person and at the relation of Edward B.
Reiley, of Waterbury, and gives the court to understand
that :—

"1. On the 16th day of December, 1897, said Edward B.
Reiley was a freeman of the city of Waterbury, and an elec-
tor of the State of Connecticut, and a resident of said city,

and had been such freeman and resident for more than ten years previous thereto. 2. On said 16th day of December, 1897, the said Edward B. Reiley's name was enrolled on the registry list of the fifth ward of said city, as a voter thereof. 3. On said last mentioned day the said Reiley had all the qualifications required by law to entitle him to vote in said ward at any city election in said city, or to be voted for for the office of superintendent of streets of said city, under the provisions of the charter of said city; and to hold the office of superintendent of streets of said city from said 16th day of December, 1897, to the 16th day of December, 1900. 4. On the 16th day of December, 1897, at a meeting of the board of commissioners of public works of said city, duly and legally held under the provisions of the charter of said city, a vote was passed by said board appointing the said Edward B. Reiley superintendent of streets of said city, for the term of three years from said date; and thereupon the mayor of said city, who was then and there the presiding officer of said board, then and there declared the said Edward B. Reiley appointed superintendent of streets of said city for the term of three years from said date. $4\frac{1}{2}$. The said vote was passed and appointment made in pursuance to the provision of the laws of the State of Connecticut and of the charter and ordinances of said city, relating thereto, which are as follows: —

" Old Ordinance, Streets, sec. 2. ' Sec. 2. There shall be appointed by said board a street inspector, who shall hold office not exceeding three years, but shall be removable by said board for due cause, and whose compensation shall be one thousand dollars a year, payable monthly.'

" New Charter, sec. 139. ' Sec. 139. All city ordinances in force at the time this Act becomes operative, not inconsistent herewith, shall remain in full force until altered or repealed by competent authority; all such ordinances are hereby amended so as to confer upon the proper board the power, authority, and duty hereby conferred or imposed.'

" New Charter, sec. 138. ' Sec. 138. The street inspector shall hold his office until the expiration of the term for which he was appointed, and until his successor shall be appointed under the provisions of this Act.'

"New Charter, sec. 67. 'Sec. 67. The board (meaning the board of commissioners of public works) shall appoint all officers and employees of said department, and shall, subject to the approval of the board of finance, fix their compensation, except as herein otherwise provided.'

"New Charter, sec. 68. 'Sec. 68. There shall be the following divisions in said department : '

"New Charter, sec. 70. 'Sec. 70. A bureau of streets, the head of which shall be called the superintendent of streets.'

"New Charter, sec. 66. 'Sec. 66. The board (meaning the board of commissioners of public works) is hereby authorized to make such rules and regulations as shall be deemed necessary for its government, and the government and control of all the officers by it appointed, and persons in its employ.'"

Thereupon a rule was entered that the said Albert I. Chatfield show cause on a day named, and by what warrant he claimed to have, use and enjoy the office, rights, privileges and franchises of superintendent of streets in the city of Waterbury,—which rule and order was duly served. And on the day named therein the said Chatfield appeared in court and showed cause, as follows: "And now the said Albert I. Chatfield comes into court, by his attorneys, and protesting that said information is not sufficient in the law, so that he is not bound to answer thereunto, yet for plea and answer thereto saith that the State of Connecticut ought not to implead him by reason of the premises in said information contained, because he says that: 1. Though true it is that the said Edward B. Reiley, the relator therein, was, on the 16th day of December, 1897, a freeman of the city of Waterbury, and an elector of the State of Connecticut, and a resident of said city, and had been such freeman and resident for more than ten years previous thereto; and that on said day his name was enrolled on the registry list of the fifth ward of said city as a voter thereof; and that he then had all the qualifications required by law to entitle him to vote in said ward at any city election in said city, or to be voted for for the office of superintendent of streets of said city; and that he did on the 17th day of December, 1897, enter upon

the performance of the duties of such office. Yet it is not true, and the defendant hereby denies that any such ordinance concerning streets as is set out in paragraph $4\frac{1}{2}$ of the complaint was in force on the 16th day of December, 1897; and denies that the vote passed by the board of commissioners of public works on that day was passed in pursuance to the provisions of the laws of the State of Connecticut and of the charter and ordinances of said city, and that said Reiley was appointed superintendent of streets for the term of three years by virtue either of said vote or of the declaration of the mayor of said city. 2. On the contrary, the said Reiley was appointed to hold said office of superintendent of streets only during the pleasure of the board of commissioners of public works, and not longer than the term of office of the board by which he was appointed, and until his successor should be chosen, and should have duly qualified. 3. Thereafter, and after a new board of commissioners of public works had been legally appointed, confirmed, and qualified, and had entered upon the discharge of its duties, to wit, on the 5th day of January, 1898, at a regular meeting legally held, said board, under the provisions and by authority of the charter of said city, appointed the defendant to be superintendent of streets of said city, and the mayor of said city, as *ex officio* chairman of said board, declared the defendant so appointed. 4. On said day said defendent had all the qualifications required by law to entitle him to hold said office, and thereafter, to wit, on the 7th day of January, 1898, the defendant accepted said office and took the oath required by the charter of said city, and has ever since acted as such superintendent of streets by virtue of said appointment. · 5. On the 8th day January, 1898, the said Edward B. Reiley was duly notified of the appointment and qualification of the defendant to be superintendent of streets of said city, but the relator then and there and ever since has refused to recognize the defendant as such officer. 6. Thereafter, to wit, on the 10th day of January, 1898, the said board of commissioners of public· works filed in writing as a public record with the city clerk of said city a notice of the appointment of the defendant to

be superintendent of streets, and that the relator, the said Edward B. Reiley, had been dismissed from said office because his successor had been duly chosen and qualified. 7. And this defendant denies that he has ever exercised, claimed, usurped, or now exercises, claims, or usurps any office of superintendent of streets of the city of Waterbury of or rightfully belonging to the said relator. All of which things the defendant is ready to verify as this court shall award, and thereupon he prays that said office, privileges and franchises may be adjudged to him, and that he may be dismissed by the court of and from the premises charged upon him as aforesaid."

The court heard the parties, made a finding of facts, and at their request reserved the questions therein arising, and what judgment should be rendered, for the consideration and advice of this court.

The finding is this: "The board of road commissioners of the city of Waterbury, on the 3d day of March, 1894, appointed Edward B. Reiley, the relator, street inspector of said city for the term of three years, under the provisions of section 2 of an ordinance relating to and entitled 'Streets,' set out in paragraph $4\frac{1}{2}$ of the complaint. That ordinance has never been specifically repealed. On August 23d, 1897, the board of aldermen of said city passed a new ordinance covering the subject of and entitled 'Streets.' This ordinance contains no reference to the subject of the appointment of a superintendent of streets, or his term of office. On December 16th, 1897, at a meeting of the board of commissioners of public works legally held, the following action was taken: 'Motion made and seconded that this board proceed to take a formal ballot for the appointment of a superintendent of streets to hold office for the term of three years from this date. Amendment made and seconded that the matter of appointment of a superintendent of streets be referred to the city attorney for his opinion as to whether or not this board has power to appoint a superintendent of streets for three years. Amendment not passed. The original motion was then passed, and the board proceeded to ballot, Aldermen

Clohessey and Chatfield acting as tellers, with result as follows: Whole number of votes cast, 4. Edward B. Reiley received, 3. Blank, 1. Mayor Kilduff, presiding, declared Edward B. Reiley appointed superintendent of streets of the city of Waterbury for the term of three years from and after this date.' On the 21st day of December, 1897, the said Edward B. Reiley took the oath of office of superintendent of streets required by the charter, before Edward G. Kilduff, mayor of said city. On the 5th day of January, 1898, the said Reiley again took the oath of office before Frank P. Brett, justice of the peace. On the 3d day of January, 1898, the term of office of the mayor and all other members of the board of commissioners of public works, by which the foregoing action had been taken, expired, and a new mayor and new members of said board came into office, under the provisions of the charter of said city. On the 5th day of January, 1898, the following action was taken by the new board: 'On motion the board proceeded to take a formal ballot for the appointment of superintendent of streets, Commissioners Hauser and Boughton acting as tellers, with result as follows: Whole number of votes cast, 5. A. I. Chatfield received, 3. E. B. Reiley received, 1. Blank, 1. Mayor Barlow declared A. I. Chatfield appointed superintendent of streets.' On the 10th day of January, the said board passed the following votes: 'Voted, that the following notice be given to the city clerk: Edward B. Reiley, who was formerly street inspector of this city, and since the adoption of the new charter has continued to perform the duties pertaining to that office, under the name of superintendent of streets, has been dismissed from said office, and from all connection with the board of public works of this city, for the reason that his successor in the office of superintendent of streets has been chosen, and has duly qualified. Voted, that the mayor be and is hereby requested and authorized to immediately take into his possession and control all the buildings and property of every kind and description which belong to the city of Waterbury, and have been occupied and used by the officers and employees of this board in the bureau of streets and the bureau of sewers;

and the superintendent of streets is hereby directed to lend the mayor all the assistance in his power in carrying out the purpose of this vote.' On the 7th day of January, 1898, the said Albert I. Chatfield took the oath of office of superintendent of streets of said city, as required by the charter, and was then in all respects duly qualified to take and hold that office. On the 8th day of January, 1898, the said Reiley was informed of the appointment and qualification of said Chatfield to be superintendent of streets. On the 10th day of January, 1898, notice in writing of the foregoing action of the board of commissioners of public works in removing said Reiley and appointing said Chatfield, was filed with the city clerk. Ever since the 10th day of January the said Chatfield has exercised the office of superintendent of streets of said city."

*John O'Neill*, for the relator.

*Lucien F. Burpee* and *John P. Kellogg*, for the respondent.

ANDREWS, C. J. The defendant in his answer has set forth the warrant by which he claims to have and exercise the office of superintendent of streets in the city of Waterbury. He shows an election to that office on the 5th day of January, 1898, which on its face appears to be a good one, and to be a sufficient warrant for him to have and enjoy that office. In *quo warranto* proceedings the burden is on the party defendant to show a complete title to the office in dispute, otherwise judgment of ouster must be rendered against him. In this case the relator claims to be the rightful occupant of the said office. His title is set forth in the application. He shows an election to the office of superintendent of streets of Waterbury on the 16th day of December, 1897, for the term of three years; and so he insists that he was the incumbent of the office at the time the defendant claims to have been elected, and that therefore the defendant's election was void. The contention is, then, which election shall prevail.

A new charter for the city of Waterbury went into effect on the first Monday of January, 1896. The relator at that time held the office of inspector of streets, by an appointment made on the 3d day of March, 1894. The charter then in force provided that the inspector of streets should hold office for a term not exceeding three years. The new charter repealed " all acts and parts of acts relating to the city of Waterbury," except those "relating to the Bronson Library" and those passed at the session of 1895. But a section (138) of the new charter enacted that the inspector of streets should hold office until the expiration of the term for which he was appointed, and until his successor should be appointed under the provisions of this act. The relator, therefore, continued to hold office until the 3d day of March, 1897.

By the new charter the scheme of city government was largely changed and in various particulars; notably in the matter of streets. Under the former charter there was a board of road commissioners, which appointed a street inspector. Under the new charter there was no such board. The city government was divided into departments. There was a department of public works, and sundry other departments. There was also created a board of commissioners of public works, consisting of the mayor, who was *ex officio* chairman of the board, and five electors, by him appointed to hold office for two years. The department of public works was subdivided into bureaus, one of which was the bureau of streets, the head of which was called the superintendent of streets. This bureau had, under the direction of the board of public works, the general duty of opening and the care of all streets. This board appointed all its officers, and so had authority to appoint, as it did, a superintendent of streets. The new charter did not fix any term during which the superintendent should hold office. The election of the relator was lawful at the time it was made, and was confessedly a good title to the office so long as the board which elected him remained in office, or until he was removed, and until some other person was elected in his stead. The board which elected him went out

of office on the first Monday of January, 1898. On that day a new mayor came into office and a new board. The new board elected the defendant to the office of superintendent of streets, and removed the relator from that office.

It is the common rule that where the power of appointment is conferred in general terms without restriction, the power of removal at discretion and at the will of the appointing power is implied, and always exists unless restricted and limited by some other provision of law. *People* v. *Robb*, 126 N. Y. 180, 182 ; *Fairfield County Bar* v. *Taylor*, 60 Conn. 11, 12; *People* v. *Fire Commissioners*, 73 N. Y. 437; *Ex parte Hennen*, 13 Pet. 230 ; *Blake* v. *United States*, 103 U. S. 227; *Parsons* v. *United States*, 167 id. 324.

The relator does not controvert this rule. But he says that the power of the board of public works to appoint a superintendent of streets was restricted and limited by that part of the old charter which provided that the inspector of streets should hold office for a term not exceeding three years ; that that part of the old charter is not affected or repealed by anything in the new charter, but is still in force and applies to the superintendent of streets, who is, as the relator claims, the same officer by a changed name.

This claim cannot be sustained. The provisions of the new charter forbid. It is true that this provision is not repealed by any express reference. But the general words of repeal in § 140 of the new charter are fully broad enough to repeal every provision of the old charter not expressly exempted. And were this otherwise, the provisions of the new charter respecting streets are so obviously designed to cover the whole ground, that they exclude everything inconsistent with them in the old charter. The term of office of the inspector of streets was certainly repealed. The new charter is in this respect a substitute for the old one, and so repeals it. *Hartford* v. *Hartford Theological Seminary*, 66 Conn. 475, 484 ; *Cullen* v. *State*, 42 id. 55 ; *United States* v. *Tynen*, 11 Wall. 88 ; *United States* v. *Claflin*, 97 U. S. 546. We think the relator was lawfully removed from, and that the defend-

ant was lawfully elected to, the office of superintendent of streets.

The Superior Court is advised to dismiss the application.

In this opinion the other judges concurred.