THE STATE OF CONNECTICUT *vs.* BARNETT MAIOFFES.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 6th—decided March 6th, 1934.

*Arthur F. Libby,* for the appellant (accused).

*Edwin W. Higgins,* Prosecuting Attorney, for the appellee (the State).

MALTBIE, C. J. The defendant was found guilty of violating an ordinance of the borough of Colchester forbidding the sale of firecrackers. In the original charter of the borough, granted in 1824, the warden and burgesses were given power, by § 10, to enact by-laws concerning certain matters, and the section concluded as follows: "Provided that no by-law shall be repugnant to the laws of the State, and that all by-laws made by the warden and burgesses, shall be approved by the borough in legal meeting assembled, and after being so approved shall be published at least three weeks successively in some public newspaper published in New London in said county, before the same shall be of any validity; and all by-laws within eight months after they are made and published as aforesaid may be repealed by the Superior Court holden in said county of New London, if said court on a hearing shall adjudge them to be unreasonable and unjust." 1 Special Laws, p. 179. In 1883 the charter was amended in several respects and in that amendment, one section, seven, dealt with by-laws which might be made by the warden and burgesses. This section concluded with the following provision: "And all by-laws made by the warden and burgesses shall, before going into effect, be posted upon a public sign-post in said borough." The amendment ended with a section as follows: "This resolution is made a part of the charter of the borough of Colchester, and all acts and resolutions inconsistent herewith are hereby repealed." 9 Special Laws, p. 777.

The by-law under which the defendant was found guilty was within the scope of the powers given the warden and burgesses in the law of 1883 and was duly

posted upon the sign-post within the town, but it was never "approved by the borough in a legal meeting assembled" or published in any newspaper. The question presented by this appeal is this: Since the enactment of the law of 1883 is it sufficient to the validity of a by-law adopted by the warden and burgesses that it be posted upon a public sign-post, or is the provision in the orginal charter requiring approval at a borough meeting and publication still in effect.

A comparison of § 7 of the 1883 law with § 10 of the original charter shows that in the main the former gave to the warden and burgesses additional or enlarged powers with reference to the making of by-laws; and that it was not, as a whole, meant to be a substitute for the latter is apparent from the fact that only in § 10 of the original charter is there any authority given to provide a penalty for the breach of a by-law of the borough. There is no inconsistency between the provision in the original charter making it a condition precedent to the validity of any by-law that it first be approved at a borough meeting, followed by publication three times in a newspaper, and the provision in § 7 of the 1883 law requiring a by-law to be posted upon a public sign-post "before going into effect." If the provision of the 1883 law is to be deemed a substitute for that in the original charter, it must be by reason of the principle stated in *Hartford* v. *Hartford Theological Seminary*, 66 Conn. 475, 484, 34 Atl. 483: "It is a familiar rule that when a later statute is exclusive, that is, when it covers the whole subject to which it relates, it will be held to repeal by implication all prior statutes on the matter, whether they are general or special." See also *State ex rel. Reiley* v. *Chatfield*, 71 Conn. 104, 112, 40 Atl. 922; *Fair Haven & W. R. Co.* v. *New Haven*, 75 Conn. 442, 446, 53 Atl. 960; *United States* v. *Claflin*, 97 U. S.

546, 551. Repeals by implication are not, however, favored, the legislative intent must be plain before such a repeal can be found to exist, and if the two laws in question can be reconciled both must stand and have concurrent operation. *Fair Haven & W. R. Co.* v. *New Haven, supra; Costa* v. *Reed,* 113 Conn. 377, 385, 155 Atl. 417; *Leete* v. *Griswold Post,* 114 Conn. 400, 405, 158 Atl. 919.

In the instant case, it does not plainly appear from the language of the two laws that the provision of the 1883 law we are considering was intended to be exclusive, and it is not inconsistent with that in the original charter. The requirement in the original charter that any by-law made by the warden and burgesses must, in order to have any validity, be approved at a borough meeting and published as therein specified, has not been repealed. It follows that the by-law under which the defendant was found guilty never became effective.

There is error and the case is remanded with direction to dismiss the information.

In this opinion the other judges concurred.