RAYMOND A. HUTCHISON, CONSERVATOR (ESTATE OF HAROLD HUTCHISON) *v.* CITY OF HARTFORD ET AL.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, Js.

Argued June 10—decided July 16, 1942.

*Joseph P. Cooney* and *M. J. Blumenfeld,* for the plaintiff.

*Frank A. Murphy,* with whom, on the brief, were *Vincent W. Dennis* and *Harold Borden,* for the defendant.

AVERY, J. The stipulated facts in this case show that Robert J. Hutchison was for many years a member of the Hartford Fire Department and on May 5, 1924, was retired, at his own request, by reason of disability incurred in the service and thereafter received compensation from the firemen's relief fund at the rate

of one-half of his salary until he died on January 18, 1930. His death was not caused by injuries received in the service of the fire department. On February 5, 1931, his widow was placed on the roll of the firemen's relief fund and received one-half the benefit payments which her husband had been receiving. These payments continued until her death on February 25, 1940. Robert J. Hutchison had a son, Harold Hutchison, who at the time of his father's death was more than sixteen years of age and "mentally incapacitated from earning a livelihood" and still is so incapacitated. His conservator, the plaintiff, made application to the board of fire commissioners for payment of benefits from the firemen's relief fund but no payments have been made and the plaintiff brought this suit on behalf of his ward to obtain a declaratory judgment to determine whether or not his ward is entitled as a beneficiary to the payments from the fund.

The right of the plaintiff's ward to compensation depends upon the laws which were in force affecting the fund upon the date of the retirement of Robert J. Hutchison, May 5, 1924. The firemen's relief fund was established by special law approved May 13, 1897. 12 Special Laws 1029. In its original form, no mention was made of benefits to anyone but a member. Widows and other dependents were excluded. The original law was repealed and the charter of the city of Hartford amended by a special law approved April 4, 1911. 16 Special Laws 88. Section 6 of this law is appended in the footnote [1]. By a law approved April

---

[1] Sec. 6. When any member of said fire department shall have been killed while in the actual performance of duty, or shall have died from the effects of injuries received in or sickness caused by actual performance of duty, said board of trustees may, upon the request of the board of fire commissioners, direct an annual compensation, not exceeding one-half the yearly compensation received by said member at the time when he was so killed, or when such

28, 1921, an amendment to the charter of Hartford, set forth in part in the footnote,[2] was passed concerning the firemen's relief fund. 18 Special Laws 491. The law approved April 28, 1921, did not contain any pro-

injuries or sickness so resulting in his death were received or contracted, payable in instalments as said board of trustees shall direct, to be paid from said relief fund to the widow of said member, or, if he leave no widow, to his child or children not over eighteen years of age, and to his child or children, being under eighteen years of age, after the death or marriage of his widow, . . . provided, that such payments shall cease if such widow shall marry again, and payments for each child shall cease as each child attains the age of eighteen years. . . .

[2] Sec. 7. When any member of said fire department shall have been killed while in the performance of duty, or shall have died from the effects of injuries received in the performance of duty, said board of trustees shall, upon the request of the board of fire commissioners, direct annual compensation to be paid to his widow or other dependents hereinafter designated, not exceeding one-half the yearly compensation received by said member at the time he was killed, or when such injuries resulting in his death were received. Said annual compensation shall be paid from said relief fund to the widow of the deceased member; if he leaves no widow, to his child or children under the age of sixteen years, or over said age but physically or mentally incapacitated from earning a livelihood. If his widow re-marries, said annual compensation shall no longer be paid to her, but shall be paid to or for such children as are under sixteen years of age, or who are physically or mentally incapacitated from earning a livelihood. . . . Said annual compensation shall be payable in installments and for such periods as said board of trustees shall direct, provided that such payments to his widow shall cease if she shall re-marry and payment for each child shall cease as such child attains the age of sixteen years, except a child physically or mentally incapacitated from earning a livelihood, in which case said payments shall cease when said incapacity is removed; and payments to any other dependent shall cease if such dependent shall marry. When any member of said fire department, whose term of service includes six or more years of continuous, permanent service shall have died from sickness contracted or injuries received while not in the actual performance of dutes, said board of trustees shall, upon the request of the board of fire commissioners, direct annual compensation to be paid to his widow or other dependents hereinafter designated upon the following basis: . . . .

vision expressly repealing the law approved April 4, 1911.

It is the claim of the plaintiff that the law of 1921 should be liberally construed and that children should receive the same benefits in case of the death of a widow as in the case of her remarriage. The law of 1921 makes no provision for children in case of the death of a widow. The law of 1911 made provision for children under eighteen years of age in case of the death or remarriage of a widow, but made no provison for children over that age who are physically or mentally incapacitated from earning a livelihood. The plaintiff's ward, who is now more than eighteen years of age, is not entitled to compensation under the express provisions of either law, even if both laws could be construed together.

However, "It is a familiar rule that when a later statute is exclusive, that is, when it covers the whole subject to which it relates, it will be held to repeal by implication all prior statutes on the matter, whether they are general or special." *Hartford* v. *Hartford Theological Seminary,* 66 Conn. 475, 484, 34 Atl. 483; *State ex rel. Reiley* v. *Chatfield,* 71 Conn. 104, 112, 40 Atl. 922; *Fair Haven & W. R. Co.* v. *New Haven,* 75 Conn. 442, 446, 53 Atl. 960; *State* v. *Maioffes,* 118 Conn. 199, 201, 171 Atl. 625. Checking the 1911 special law against the 1921 law, we reach this result: The first part of the 1921 law is word for word the same as the first part of the 1911 law except that, instead of saying that the board of trustees of the fund "may direct compensation," the 1921 law says that they "shall," and in the 1921 law the class of persons to be benefited was somewhat enlarged. The other material difference between the two is that the 1911 law made no provision for compensation except for death resulting from the actual performance of duty,

while the 1921 law added a provision for compensation after a certain number of years of service for death resulting from sickness contracted or injuries received while not in the actual performance of duty. The later law covers the whole subject to which it relates and must be held to supersede the earlier one. The 1921 law provides for payments to a child or children under sixteen years of age or over that age when physically or mentally incapacitated only where the deceased did not leave a widow. It makes no provision for the payment to children where he leaves a widow but she later dies. We cannot extend the law to cover the latter situation, which is the one before us. *McPadden* v. *Morris*, 126 Conn. 654, 13 Atl. (2d) 679. We are constrained to hold that the plaintiff's ward is not entitled to receive compensation.

The Superior Court is advised to enter a declaratory judgment that Harold Hutchison is not entitled as a beneficiary to payments from the firemen's relief fund of the city of Hartford.

No costs will be taxed to either party in this court.

In this opinion the other judges concurred.