THE JAMES J. F. LOUGHLIN AGENCY, INC. *v.* TOWN OF WEST HARTFORD ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued December 11, 1973—decision released May 7, 1974

*Walter A. Twachtman, Jr.,* with whom was *Walter B. Schatz,* for the appellant (plaintiff).

*Fannie Himmelstein,* assistant corporation counsel, for the appellees (defendants).

SHAPIRO, J. The plaintiff brought this action in the Court of Common Pleas against the town of West Hartford and its zoning enforcement officer, seeking an injunction restraining the removal of a sign advertising its business. The court found the issues for the defendants, and from a judgment rendered thereon the plaintiff has appealed.

The following facts are not in dispute: The plaintiff, the James J. F. Loughlin Agency, Inc., for more than fifteen years has conducted an insurance business on the second floor of the premises at 842 Farmington Avenue, West Hartford. These premises are located in an area designated as a central business dictrict by § 17.2.11 (b) of the West Hart-

ford zoning ordinance.[1] The West Hartford zoning regulations were enacted under authority granted by a special act of the General Assembly.

In 1958, the plaintiff erected and placed an illuminated sign on the outside of the office building which it occupied. The sign is six feet long and three feet high, projects from the face of the building and is held in place by a system of brackets or struts. The sign does not conform to the requirement of § 17.3.42 (a) of the zoning ordinance that "[n]o sign shall project more than 18 inches from the face of a structure." In all other respects, however, the sign conforms as a permitted structure or use in a central business district. Section 17.3.90 of the ordinance concerns nonconforming uses and structures and § 17.3.91 provides for the continuance of nonconforming uses and structures existing at the enactment of the zoning regulations.

In 1965, the town of West Hartford enacted comprehensive sign regulations, designated as §§ 17.3.40—17.3.49 of its zoning ordinance. The portion of § 17.3.45 that may apply to the present case provided that signs existing at the time of the adoption of this ordinance, or any amendment thereto, which did not conform to the requirement of subsection 17.3.42 (a) would be allowed to continue as a nonconforming use, but should be made to conform within five years from October 10, 1965. On October 28, 1969, the last sentence of § 17.3.45 was

---

[1] The purpose of the central business district as stated, in part, in § 17.2.11 (b), "is to encourage the concentration of a wide variety of stores, services and activities serving the entire Town as major shopping and community centers. . . . The Central Business Districts are those which comprise the older business districts, characterized by small and diverse property ownership."

amended to read: "A sign constituting a nonconforming use shall not be subject to the provisions of § 17.3.90 of this Zoning Ordinance."

In February of 1971, the plaintiff was notified by the building inspector, acting as the zoning enforcement officer, that its sign was in violation of § 17.3.42 (a) in that it projected more than "18 inches" from the face of the structure. The plaintiff requested a variance of the ordinance, which the zoning board of appeals denied in April, 1971. An appeal was taken to the Court of Common Pleas and, following a judgment dismissing the appeal, the plaintiff sought certification by petition to this court. The petition was denied on July 12, 1972.

The plaintiff, on July 21, 1972, instituted the present action in the Court of Common Pleas against the town and its zoning enforcement officer, seeking an injunction restraining the defendants from interfering with or removing the sign.

Based on these facts, the court reached the following conclusions: The regulation or prohibition of the use of signs is within the reasonable exercise of the police power of the town's legislative body under its charter provisions. Section 17.3.45 of the zoning ordinance is legal and constitutionally valid. That section, requiring a nonconforming use to conform or be terminated within a specified period of five years, is not in violation of the due process clause and equal protection provisions of the United States and Connecticut constitutions. The section does not violate the provisions of General Statutes § 8-2[2] and its provisions are within the authority

---

[2] Section 8-2 of the General Statutes permits the zoning commission of each city, town or borough to "regulate the erection, construction, reconstruction, alteration or use of buildings or structures and the

granted the defendant town under the enabling act granting it zoning authority. And, finally, the section is not confiscatory, but is a legitimate exercise of legislative power to eliminate nonconforming uses and secure the public safety and general welfare of the community as a whole.

The plaintiff assigns error in the conclusions reached by the court and in the court's overruling of its claims of law. The main thrust of the plaintiff's appeal, which is dispositive of this controversy, lies in its claim that General Statutes § 8-2, as amended in 1959, providing for the continuance of nonconforming uses and structures, includes the right to maintain the challenged sign as presently displayed. Neither party contends that there is a conflict between General Statutes § 8-2, as amended in 1959, and § 17.3.91 of the zoning ordinance. Both of these enactments clearly permit the continuance of a nonconforming use or structure existing at the time of the adoption of the zoning ordinance. Similarly, it is admitted that the plaintiff's sign is a nonconforming use or structure. The contention centers on the effect of § 17.3.45 of the zoning ordinance, adopted October 28, 1969, wherein signs not conforming with the requirements of subsection 17.3.42 (a) were required to conform within five years from October 10, 1965.[3]

use of land." In 1959, under Public Act No. 661, this statute was amended, in part, to include the following language: "Such regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations."

[3] In its use of this five-year limitation regarding nonconformity of signs, the West Hartford ordinance under attack embodies what has come to be known as the amortization method. Such a method requires nonconforming uses to be terminated at the expiration of a specified length of time. See, for example, Katarincic, "Elimination of Non-Conforming Uses, Buildings, and Structures by Amortization-

The defendants contend that the power to enact § 17.3.45 flows from police power conferred upon the town of West Hartford to legislate "for the welfare, public health and safety of its inhabitants as a whole." In 1954, a special act of the legislature, entitled "An act concerning a revised charter for the town of West Hartford," conferred power to regulate through zoning. 28 Spec. Acts 759, No. 562, c. 12, § 3. That act provides, in pertinent part, that "the [town] council, as zoning authority, may regulate . . . the height, size and location of advertising signs . . . within the limits of the town."

As the plaintiff points out, however, § 8-2 of the General Statutes authorizes the zoning commission of each city, town or borough "to regulate, within the limits of such municipality . . . the height, size and location of advertising signs and billboards." The plaintiff stresses the fact that in 1959 this statute was amended by Public Act No. 661 to state that "[s]uch regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations."

We must thus decide whether General Statutes § 8-2, as amended in 1959 by a public act, prevails over § 17.3.45, enacted pursuant to a special act of 1954. The trial court concluded that the provisions under § 17.3.45 do not violate the provisions of § 8-2

Concept versus Law," 2 Duquesne L. Rev. 1 (1963); note, 44 Cornell L.Q. 450, 453 (1959); see also *Los Angeles* v. *Gage,* 127 Cal. App. 2d 442, 455, 274 P.2d 34; Dennis et al., "The Connecticut Law of Zoning," (Part B), 41 Conn. B.J. 453, 520–27. It has been recommended that Connecticut enact a statutory provision enabling municipalities to amortize nonconforming uses. See New Directions in Connecticut Planning Legislation, A Study of Connecticut Planning, Zoning and Related Statutes, American Society of Planning Officials, February, 1967.

of the General Statutes as amended and are within the authority granted the defendant town under the enabling act granting it zoning authority. We do not agree.

A town, acting by its town council, can exercise only the powers which are expressly granted to it by statute or such as are necessary to enable it to discharge the duties and carry out the objects and purposes of its creation. *Aunt Hack Ridge Estates, Inc.* v. *Planning Commission,* 160 Conn. 109, 115, 273 A.2d 880; *Baker* v. *Norwalk,* 152 Conn. 312, 314, 206 A.2d 428. Being a creature of the state, the defendant town has no inherent power to modify a legislative act. *Lacava* v. *Carfi,* 140 Conn. 517, 520, 101 A.2d 795; *Kelly* v. *Bridgeport,* 111 Conn. 667, 673, 151 A. 268; *Connelly* v. *Bridgeport,* 104 Conn. 238, 252, 132 A. 690. "Where an earlier statute is special, only in the sense that it applies to a single case of which there may be many in the state, and the later one is general in its operation and applies to all such cases, then the earlier one is repealed by the later." *Hartford* v. *Hartford Theological Seminary,* 66 Conn. 475, 485, 34 A. 483. "When provisions of the general statutes (1941) cover the same field as those of special law (1925) the former prevail. *Hutchison* v. *Hartford,* 129 Conn. 329, 332, 27 A.2d 803." *Willard* v. *West Hartford,* 135 Conn. 303, 306, 63 A.2d 847.

We must therefore conclude that the 1959 amendment to § 8-2 regarding nonconforming uses prevails over § 17.3.45 of the town zoning ordinance adopted pursuant to 28 Special Acts 759, No. 562, c. 12, § 3. Accordingly, the plaintiff is not bound by the restriction which the defendant town seeks to impose upon the use of its sign.

The other assignments of error warrant no discussion.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff with such injunctive relief as will restrain the defendants from enforcing against the plaintiff § 17.3.45 of the West Hartford zoning ordinance, as amended.

In this opinion the other judges concurred.