BLANCHE LAMPASONA *v.* PLANNING AND ZONING COMMISSION OF NORTH STONINGTON (3810)

HULL, DALY and BIELUCH, Js.

Argued November 13, 1985—decision released February 11, 1986

*Ellen C. Brown,* with whom, on the brief, was *Sidney Axelrod,* for the plaintiff.

*Robert C. Leuba,* for the defendant.

BIELUCH, J. This action for injunctive relief and a declaratory judgment has been reserved for the advice of this court. The following facts have been stipulated. The plaintiff, Blanche Lampasona, owns a parcel of land in the town of North Stonington in a rural residential zone. The parcel is nonconforming in that it contains fewer than 60,000 square feet, which constitutes the minimum permissible lot size. Lampasona presently has a mobile home upon her land. This replaced a prior mobile home. While the prior mobile home was on her lot, the town enacted a zoning regulation which prohibited an owner of a mobile home from making more than one replacement.[1] Lampasona applied for permission to replace her mobile home for a second time with a mobile home of equal size, but permission was refused. She appealed to the town's zoning board of appeals and, following a public hearing, her appeal was denied.

The plaintiff brought the present action to determine the constitutionality of these provisions of the North Stonington zoning regulations. The trial court, upon stipulation of the parties, has reserved that issue to this court. The precise question presented for our advice is "[w]hether Sections XI, I 3 e (2) (g) and (h) of the North Stonington Zoning Regulations are unconstitutional on their face and as applied to the plaintiff's property in that they constitute a taking of the plaintiff's property without due process in violation of the provisions of the Constitution of Connecticut and the Constitution of the United States."[2]

---

[1] North Stonington Zoning Regulations § XI, I 3 e (2) (g). Any permit for a mobile home replacement granted under this provision expires ninety days after its issuance. Section XI I 3 e (2) (h). That provision is also disputed here.

[2] In her brief, Lampasona has divided this question into three separate arguments. Claims one and two raise the due process issue reserved to this court. Claim three, and a portion of claim one, maintain that the regulations violate General Statutes § 8-2. Because the latter argument is not within the scope of the question reserved to us for advice, we decline to review it. Practice Book § 3134.

Lampasona's first argument is that by depriving her of the opportunity to replace her mobile home for a second time, the town is depriving her "of a vested property right in a nonconforming use without just compensation." We agree.

"Where a nonconformity exists, it is a vested right which adheres to the land itself." *Petruzzi* v. *Zoning Board of Appeals,* 176 Conn. 479, 483, 408 A.2d 243 (1979); see also *Helbig* v. *Zoning Commission,* 185 Conn. 294, 306, 440 A.2d 940 (1981). Any provision of a statute or ordinance abrogating such a right in an unreasonable manner, or in a manner not related to the public welfare, is invalid. *Petruzzi* v. *Zoning Board of Appeals,* supra, 484. In the present case, the mobile home use to which Lampasona has put her land is a valid nonconforming use. Since her nonconforming use has been validly established, she has a vested right under the protection of our federal and state constitutions to continue that use.

In *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 32 A.2d 635 (1943), the court held, relative to the utilization of new equipment in a sand pit, that "the fact that improved and more efficient instrumentalities are utilized in pursuit of the use does not exclude it from the category of an 'existing use,' provided these are ordinarily and reasonably adapted to make that use available to the owner, and the original nature and purpose of the undertaking remain unchanged." Id., 162. In the present case, Lampasona's nonconforming *use* of the property will not change with the second replacement of her mobile home. Rather, it is the instrumentality through which she utilizes that use which will change.[3] The use will remain unchanged in manner and scope. The replacement, therefore, is constitutionally protected.

---

[3] In *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 32 A.2d 635 (1943), the court concluded that the equipment at issue there produced a

The question reserved to us for advice was limited to the constitutionality of Sections XI, I 3 e (2) (g) and (h) of the North Stonington zoning regulations. We supplement our advice with the observation that General Statutes § 8-2 provides that local zoning regulations "shall not prohibit the continuance of any nonconforming use." That provision has been held to prohibit towns from requiring nonconforming uses to be terminated within a set period of time. *James J. F. Loughlin Agency, Inc.* v. *West Hartford,* 166 Conn. 305, 311, 348 A.2d 675 (1974) (town regulation that nonconforming advertising signs were to conform to new requirement within five years held invalid). The North Stonington regulations in issue seek the same objective, the termination of a valid nonconforming use after a "grace period" of one mobile home replacement. For that reason, they must fall.

We answer "Yes" to the stipulated question.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.

.

---

better, more valuable product than had been produced in the past, and, therefore, constituted a "substantial departure" from the prior use. Id., 160. Thus, the court concluded that the equipment was not permitted within the scope of the nonconforming use. Id., 164. That cannot be said in the present case. Lampasona wishes only to replace the existing structure with another mobile home. In fact, the provisions of North Stonington Zoning Regulations § XI, I 3 e (2) (g) permits a first replacement mobile home only where it "is equal to in size or greater than the existing mobile home." Thus, even for the purpose of the first replacement an extension of the nonconforming use is expressly permitted.