[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Calvin Ackley has appealed from the action of the Town of Groton Zoning Commission in denying his application for a special permit.
I. STATEMENT OF FACTS
The plaintiff is the owner of property located at 91 Buddington Road in the Town of Groton, Connecticut. The property is designated under the zoning district of RS-20. It now contains approximately 55 mobile homes and is used exclusively as a mobile home park. The mobile home park is known as Briarcliff Mobile Home Park. CT Page 5558
On March 12, 1990, the plaintiff submitted his application for a special permit under section 7.1-15 of the Groton Zoning Regulations to add six replacement mobile homes to the existing 55 mobile homes which would result in a total of 61 mobile homes. The plaintiff filed with his application an addendum listing his "Statement of Compliance With Objectives" and a map entitled "Special Permit Plan Proposed Mobile Home Park Expansion, prepared for Calvin Ackley, Braircliff Mobile Home Park, 91 Buddington Road, Groton, Connecticut, scale 1 inch equals 20 feet, dated February 1990."
Many of the facts that lead up to this appeal are not in dispute.
On March 1, 1979, the Town of Groton amended its Zoning Regulations. At that time, a number of mobile home parks existed in Groton which then became nonconforming uses. On April 22, 1982, the Director of Planning for the Town of Groton, Mr. Richard J. Gulick, sent a memorandum to the Groton Zoning Enforcement Officer, Louis F. Venditti, seeking his concurrence on the number of mobile homes existing in these parks on March 1, 1979. On May 4, 1982, Mr. Venditti responded by memorandum with a list of the "Authorized Trailer Units at various locations." This memorandum listed Upper Noyes Trailer Park, the prior name of Briarcliff, as being entitled to 65 spaces.
In 1982, Upper Noyes Trailer Park (Briarcliff) has 49 mobile homes and filed a special permit application to add six additional mobile homes. The zoning commission granted the special permit, thus increasing the number of mobile homes to 55. The applicant made clear that it was entitled to 65 mobile homes but only sought 55 at that time.
The 1982 Venditti memorandum and an updated memorandum were recorded in the Groton Land Records on May 1, 1989, by James S. Butler, Director of Planning, acting on the advice of the Groton Town Attorney. The updated memorandum continued to list the number of mobile homes permitted in plaintiff's park, Braircliff, to be 65.
In denying the plaintiff's request for a special permit, the defendant gave the following reason for its decision: (1) The expansion does not improve the living environment of the existing mobile home park which is the principal purpose of this regulation as set forth in Section 7.1-15C. and in fact decreases the open space around the periphery of the park. CT Page 5559
Section 7.1-15 of the Town of Groton Zoning Regulations provides as follows:
Mobile Home Parks (Existing)
 Mobile home parks existing at the time of the adoption of these regulations may be permitted to expand in any zoning district, subject to approval of a special permit and the following conditions:
 A. The expansion area shall be contiguous to the existing mobile home park.
 B. The mobile home park may be permitted to expand its land area without increasing the number of mobile home spaces.
 C. In evaluating the proposal, the Commission shall take into consideration the site plan objectives in Section 8.4-5 and the following guidelines:
 The principal purpose of expanding an existing mobile home park shall be to improve the living environment for the residents within the park. For example, this may be accomplished by enlarging and rearranging the mobile homes, increasing open space around the periphery of the park, providing recreation areas for residents, and/or providing additional automobile parking spaces.
The court finds that the plaintiff, as owner of the parcel involved, is an aggrieved party for the purpose of this appeal.
II. FUNCTION OF TRIAL COURT
Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or within proper motives or upon valid reasons. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
The same rule regarding the function of the trial court on an appeal is found in Vernex v. Planning and Zoning CT Page 5560 Board of Appeals, 151 Conn. 578, 580 (1964), where the court stated as follows:
 The appeal to the court form the decision of the board did not require nor permit the court by trial de novo to substitute its finding and conclusions for the decision of the board. Its functions are limited to a determination whether the board had, as alleged on the appeal, acted illegally, arbitrarily and in abuse of the discretion vested in it. We have frequently asserted, as a fundamental proposition, that the decisions of zoning authorities are to be overruled only when it is found that they have not acted fairly, with proper motives, and upon valid reasons. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority.
III. BURDEN OF PROOF
The burden of proof to demonstrate that the board acted improperly is upon the plaintiff. Adolphson v. Zoning Board of Appeals, supra at 707; Vernex v. Planning and Zoning Board of Appeals, supra at 580.
IV. PLAINTIFF'S CLAIMS
Plaintiff argues that the denial of his application for special permit was illegal, arbitrary and capricious because by its denial, the Commission was prohibiting the continuance of a non-conforming use in violation of Connecticut General Statutes Section 8-2.
Plaintiff argues in part that the Commission's interpretation of what constitutes "expansion" under section 7.1-15 so as to require a special permit encompasses approving of mobile homes on undeveloped land within the original confines of the park premises. Plaintiff relies in part on the case of Lampasona v. Planning and Zoning Commission of North Stonington, 6 Conn. App. 237 (1986). The Court finds that Lampasona is distinguished from the following case. Lampasona involved an ordinance that prohibited an owner of a mobile home from making more than one replacement of that mobile home on the existing mobile home lot. In this case, the application that was submitted and the testimony that was presented does CT Page 5561 not establish that the six mobile homes in question were to be placed on undeveloped land within the confines of the original. mobile home park premises. Section 7.1-15A of the Groton Zoning Regulations allows for expansion of a mobile park where the expansion area is contiguous to the existing mobile home park. The plaintiff does not have a non-conforming use when he seeks to expand into an area that was not part of the original mobile home park but rather was contiguous to the existing mobile home park. The Court is aware that at oral argument, a question was raised as to whether the expansion of the six mobile homes in question was, in fact, within the confines of the original mobile home park. The Court does not reach the issue of the applicability of section 7.1-15 of the Groton Zoning Regulations to the claim of an expansion within the mobile home park as that was not the basis upon which the application for special permit was submitted to the Commission.
Further, the Court does not reach the issue of whether an attempt to apply section 7.1-15 of the Zoning Regulations to a situation where the applicant seeks to increase his number of mobile homes to the original permitted number would be constitutional. As stated in Spero v. Zoning Board of Appeals, 217 Conn. 435, 446 (1991):
 As the board points out, however, "(t)he rule extant under our zoning cases is that a party who has sought to avail himself of a zoning ordinance by making an application thereunder is precluded in the same proceeding from raising the question of its constitutionality. . . . A party, however, could of course attack the constitutionality of the zoning regulations in an independent proceeding." Bierman v. Planning Zoning Commission, 185 Conn. 135, 139-40, 440 A.2d 882
(1981). This rule requiring the validity of a zoning regulation to be independently challenged in a declaratory judgment action serves the important policy of "ensur(ing) that all affected landowners would be provided with an opportunity to become involved in the proceedings." Norwich v. Norwalk Wilbert Vault Co., 208 Conn. 1, 7, 544 A.2d 152 (1988).
The applicant in this case has not brought an independent challenge in a declaratory judgment action to the applicability of Section 7.1-15 to his proposed additional six CT Page 5562 replacement mobile homes.
The Court has reviewed the record before the Commission and makes the following findings:
(A) The Commission acted fairly with proper motive, upon a valid reason.
(B) There was evidence before the Commission to substantiate the reason given by the Commission for its decision.
ORDER
The appeal is ordered dismissed.
AXELROD, J.