[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Edward Sexauer and Dorothy Pisarcik have appealed the decision of the defendant, Harwinton Zoning Commission denying their application to replace a mobile home owned by Mr. Sexauer on property owned by Ms. Pisarcik.
The plaintiff, Diane Pisarcik is the owner of a parcel of property upon which is situated a 54' by 10' mobile trailer home. The owner of the trailer Edward Sexauer, applied to the Harwinton Zoning Commission to replace it with a larger trailer. As such, it is agreed and the court so finds that they are aggrieved and have the right to appeal.
Section 6.9 of the Harwinton Zoning Regulations provides that no trailer shall be occupied for more than fourteen consecutive days on a property, and no trailer may be used as living quarters. Because, however, there has been a trailer continuously on the property from a CT Page 2723 time prior to zoning, the present trailer is both a nonconforming structure and nonconforming use of the property.
The Harwinton zoning regulations state that neither a nonconforming structure nor a nonconforming use can be enlarged or increased. Harwinton Zoning Regulations Section 12.4.1 and Section 12.5.1; see also Raffaele v. Planning and Zoning Board of Appeals, 157 Conn. 454,462 (1969). Because Mr. Sexauer requested to replace the existing nonconforming trailer with a larger one his application was denied. Presently, there is situated on the property a trailer, which is 54' by 10' in size.
On April 13, 1992, the plaintiff, Mr. Sexauer, applied to replace his trailer with a larger 14' by 50' trailer. At the hearing, it was indicated that the mobile home manufacturer from which he wished to purchase the property made mobile homes no less than 12' wide. At the meeting of April 13, 1992, the zoning commission denied the application because the applicants sought to enlarge the nonconforming structure and use.
Harwinton Zoning Regulations distinguish between a nonconforming lot, structure. and use. These nonconformities are defined as follows:
 Nonconforming Lot: A parcel of land which does not conform to the area and/or dimensional requirements of these Regulations, and which was legally in existence on the effective date of these Regulations or any pertinent amendment thereto. Section 12.2.1
 Nonconforming Structure; A building or structure, the size or location of which is not permitted by any provision of these Regulations for the zone in which it is located, but which was legally in existence at the effective date of these Regulations or any pertinent amendment thereto. Section 12.2.2
 Nonconforming Use: Any use of land or buildings, structures or portions thereof, which is not permitted by these Regulations in the zone where it is located, but which was legally in existence at the effective date of these Regulations or any pertinent amendment thereto. Section 12.2.3.
With respect to both nonconforming structures and nonconforming uses Section 12.4.1 and 12.5.2 of the zoning regulations further provide that neither a nonconforming structure nor a nonconforming use may be enlarged or increased. These sections state in full: CT Page 2724
Section 12.4.1 RESTRICTIONS ON NONCONFORMING STRUCTURES:
 A nonconforming structure shall not be enlarged except on conformity with these regulations.
Section 12.5.2:
 Nonconforming uses of buildings or structures, or of building or structures and land in combination:
 a. A building or structure the use of which is nonconforming may be extended only throughout those parts of the structure which were manifestly arranged or designed for such use at the effective date of these Regulations.
 b. A building or structure, the use of which is nonconforming, shall not be enlarged, extended, altered, reconstructed or moved, unless the use therein is changed to a conforming use.
In the present case there is no issue as to the size of the lot, rather, the trailer is nonconforming both as to the structure and as to the use of the land. Section 6.9 of the Harwinton Zoning Regulations specifically addresses placement and use of trailers. This provisions states:
 TRAILERS AND CONSTRUCTION TRAILER. No trailer shall be occupied for more than fourteen consecutive days except the Commission may issue a permit for a trailer to be used as a temporary office of a contractor on a construction site. Said trailer shall not be used as a living quarters.
Accordingly, both the trailer, and its use constitute nonconformities. Our Supreme Court has consistently held that nonconforming uses should not be allowed to increase. As stated in the case of Raffaele v. Planning and Zoning Board of Appeals:
 It is the intent of building zoning regulations generally that nonconforming uses should not be allowed to increase, and an extension of the space alloted to a nonconforming use is a prescribed extension of that nonconforming use and is inconsistent with the policy and comprehensive plan of the regulations.
Id. at 157 Conn. 462 (Emphasis added). CT Page 2725
The issue in Raffaele was whether a private club which existed as a nonconforming use, could expand its parking. The planning and zoning commission granted the club its application to extend its parking. An appeal was sustained by the Superior Court and sustained by the Supreme Court. Again, upholding the appeal, the Supreme Court held that allowing additional parking was to "permit an extension of the nonconforming use which is what the club is already making of its existing property. . ."157 Conn. at 462. In the present case the plaintiffs are seeking to increase a nonconforming use.
In Lampasona v. Planning and Zoning Commission of North Stonington,6 Conn. App. 237 (1986), the zoning commission refused to allow an owner to replace her mobile home with "a mobile home of equal size." Id. at 238. The appellate court held that the plaintiff had a nonconforming use of the property which would not change simply by replacing her mobile home because the use would remain unchanged both "in manner and scope." The replacement was allowed. Id. at 239. The court ruled:
 In the present case Lampasona's nonconforming use of the property will not change with the second replacement of her home. Rather it is the instrumentality through which she utilizes the use which will change. The use will remain unchanged in manner and scope.
Id. at 239.
In this case, the zoning commission is bound by its regulations and may not approve the extension of a nonconforming use. While not directing, the court observes that the plaintiffs are not without the remedy of seeking relief from the board of appeals by a request for a variance.
For the reasons stated, judgment may enter dismissing the appeal.
PICKETT, J.