[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Sadie Greene, sues her son, Ralph Greene, seeking to CT Page 5741-ca void a deed purporting to transfer certain real property from her to him and to enjoin her son from conveying the land. On April 24 and 25, 2001, the court heard the evidence at a bench trial.
The plaintiff alleges that the defendant improperly persuaded his mother to confer upon him a power of attorney to act in her stead regarding transforming the property in question into a nature conservancy in memory of John Greene II, the late husband of the plaintiff and father of the defendant; that the defendant breached his fiduciary duty by conveying the land to himself without consideration; and that the deed is invalid because the power of attorney was defectively executed. Because the court determines that this last claim is dispositive, this opinion deals with that issue forthwith.
It is uncontroverted that the power of attorney in this lacked attesting witnesses. The power of attorney and the deed under scrutiny were recorded on the Stafford land records in December 1997. The deed is dated December 19, 1997.
The plaintiff commenced this action on July 13, 1999. A lis pendens pertaining to this suit was filed on the Stafford land records contemporaneously.
Under General Statutes § 47-5(a)(2), in order for a conveyance of land from a natural person through a power of attorney to be lawful, that power of attorney must itself satisfy the execution requirements of acknowledgment and be "witnessed in the manner provided for conveyances." Valid conveyances of land must be "attested to by two witnesses with their own hands," § 47-5 (a)(4). Therefore, a power of attorney which is unwitnessed is legally insufficient to authorize a conveyance of land by a natural person through the grantee of that power of attorney.
Often, however, our legislature enacts laws which validate conveyances and powers of attorney which contain certain defects. There are two validating enactments which may apply to the deficient power of attorney in this case. In fact, there are one too many such acts.
Special Act 99-7, § 3(a)(3) ostensibly validates unwitnessed powers of attorney which were recorded before the effective date of the act, June 3, 1999, and which defective instruments were executed before January 1, 1999, S.A. 99-7, § 10, unless "any action, suit or proceeding has been commenced" before June 3, 1999, SA. 99-7 § 9. In contrast, Public Act 99-238, now codified as General Statutes §47-36aa, enacted twenty-five days after S.A. 99-7, treats the same type CT Page 5741-cb of defect in § 4, which provision legitimizes unwitnessed powers of attorney recorded after January 1, 1997, "unless an action challenging the validity of that instrument is commenced and a notice of lis pendens is recorded in the land records of the town or towns where the instrument is recorded within two years after the instrument is recorded."
Thus, there exists two validating acts, S.A. 99-7 and § 47-36aa, which appear applicable and have incompatible provisions regarding when validation is suspended because of the filing of a lawsuit attacking the defective power of attorney. The fact pattern of the present case falls precisely during the overlapping time periods for eligible defective instruments but in contradictory time periods regarding the suspension of the rectifying effect of the two acts. Under S.A. 99-7, the unwitnessed power of attorney acquires validity because it was recorded before January 1, 1999, and this action commenced after June 3, 1999. Under § 47-36aa, however, the unwitnessed power of attorney remains invalid because this action was brought within two years of the recording of the power of attorney in December 1997. The court, then, must decide which of the two validating acts governs the unwitnessed power of attorney in this case.
Decisional law suggests certain rubrics when a court is confronted by legislative acts which are repugnant to each other. "When the provisions of the general, statutes . . . cover the same field as those of special law . . . the former prevail," James J. F. Loughlin Agency, Inc. v. WestHartford, 166 Conn. 305, 311 (1974). Where a subsequent enactment embraces the same subject as an earlier statute and the provisions cannot be reasonably reconciled, the later legislation supercedes the earlier,Metropolitan District v. Barkhamsted, 3 Conn. App. 53, 62 (1994); that is, unless the earlier legislation applies to particularized circumstances, while the latter was of general application, Id. There is no rule, however, prohibiting repeal by implication of a special rule by a broader one, Id. The ultimate question is always one of legislative intent, and, where that intent is manifest, the general rule may override the earlier specific one Id.
As noted above, these two validating acts are irreconcilable regarding when the filing of suit will deny validation of unwitnessed powers of attorney recorded between January 1, 1997 and June 3, 1999. On the facts of this case, S.A. 99-7, § 3(a)(3) would ameliorate the defect, but under § 47-36aa(a), the power of attorney retains illegitimacy. Applying the rubrics recited above, the court holds that the later enactment, § 47-36aa, prevails.
The fact that § 47-36aa(a), the later enactment, covers the same CT Page 5741-cc time period as S.A. 99-7 is significant. If S.A. 99-7 were the viable validating act, all defects listed before June 3, 1999, in P.A. 99-238, now § 47-36aa(a), would already have been cured. The provision in § 47-36aa(a) which legitimizes defects after January 1, 1997, would be superfluous. The inclusion of such an overlapping time period in § 47-36aa(a) manifests a legislative intent that § 47-36aa(a) takes precedence over the earlier special act.
These enactments are nearly identical in language, punctuation, and format with respect to validation of certain defective instruments. Their application is universal rather than particularized. The time periods covered overlap significantly. In sum, these provisions cover the same field regarding defective powers of attorney. The later general statute overrides the earlier special act.
As a result, the power of attorney in question is invalid, and the deed issued pursuant to that power is declared void. Judgment enters for the plaintiff.
Sferrazza, J.